Where a direction to pay a gross sum is imposed on a devisee to whom land is devised indefinitely without words of inheritance, he takes a fee (2d Powell on Devises, 394), because unless the devisee were to take a fee he might in the event be a loser by the devise, since he may die before he has reimbursed himself the amount of the charge (2 Pow. 380).
But where the charge is upon the land simply, it does not enlarge the devisee's estate. In such case the incumbrance attaches into whatsoever hands the lands may fall, and no ground exists for enlarging the estate.
A charge on the land as distinguished from a charge on the person, would not entitle the devisee to a fee (2 Preston onEstates, 243). So if a charge of a sum of money be in a distinct clause without any direction express or by construction that the *Page 166 
devisee is to be personally liable to pay the charge, a gift of the fee will not be implied (id. 243-4).
The difficulty in most cases of this description, is in determining whether by the testator's language the charge is on the land itself merely, or upon the devisee personally in respect of the land. Where it is on the devisee in respect of the land, the devisee by the acceptance of the devise makes himself personally liable to pay the charge, whatever the value of the land may be. But where it is upon the land merely, the devisee is not so responsible. The land may be sold for the purpose of satisfying the charge, and the devisee will be entitled to the surplus if any, but will not be liable for a deficiency. He can be made responsible at most only to the value of the land, and therefore can not be a loser by accepting the devise. Where the devisee is directed in the will to pay the charge, he takes an estate in fee, on the ground that the testator has imposed on him a duty which requires that he should have an estate not determinable with his own; life but where the testator directs the charge to be paid out of his lands without saying by whom, no such duty is imposed on the devisee, and the charge is in operation to enlarge his estate (2 Powell, 394, 382).
In the present case the legacies are charged upon the land without any direction that they shall be paid either by the widow or by the devisees in remainder, and the remedy of the legatees is against the land alone. According to the principles above stated, the charge does not enlarge the devise without words of inheritance into an estate in fee.
The acceptance of the devise and the entry upon the land in a case of this kind creates no personal liability on the part of the devisee to pay the legacy. No action at law can be maintained against him by the legatee on this ground, without an express promise on his part, or the voluntary payment of a part which is regarded as equivalent to an express promise to pay the residue (Livingston v. Executors of Livingston, 3 Johns. 189-192;Becker v. Becker, 7 Johns. 99; Van Orden v. Van Orden,
10 Johns. 30; Kelsey v. Deyo, 3 Cow. 133; Lockwood v.Stockholm, 11 Paige, 87). The charge is upon the land simply, *Page 167 
and the incumbrance attaches to the land into whatsoever hands it may fall. There is no personal liability in such case in equity (Olmstead v. Olmstead, 4 Comstock, 60). A court of equity will compel payment out of the land; but if the land should be insufficient to pay, there is no case showing that the devisee would be liable to make up the deficiency.
There are dicta to the effect that by the acceptance of a devise of land charged with the payment of legacies, the devisee becomes personally liable to pay them. But these are cases in which there was an express direction in the will that thedevisee should pay; and such a direction constitutes a charge upon the devisee in respect to the land devised and enlarges an indefinite devise from a life estate into a fee simple, or cases in which the devise was on condition that the devisee should pay. The dicta eferred to, may be found in Birdsall v. Hewlett,
1 Paige, 32; Dodge v. Manning, 11 Paige, 334, and 1Comstock, 302; Harris v. Fly, 7 Paige, 422; Glen v.Fisher, 6 Johns. ch. 33; McLachlan v. McLachlan, 9Paige, 534.
There are cases from the English courts, which seem to be at variance with the principle before stated; one of them is Doe
v. Richards, 3 Term Reports, 356. The devise was as follows: "All the net residue and remainder of my messuages, lands, tenements, hereditaments, goods, chattels and personal estate whatsoever, my legacies and funeral expenses being thereoutpaid, I give, devise and bequeath to my sister Jane Dewdney, and do hereby constitute and appoint her whole and sole executrix of this my will."
The charge upon the lands devised was in this case held to enlarge the devise from a life estate to a fee.
Mr. Powell (p. 386), says: "This case exhibits a remarkable instance of the erroneous application of a right principle." The judgment was rendered on the ground that the payment of the debts was charged upon the devisee, whereas the will merely required that they should be paid out of the land, and it was immaterial by whom. The authority of the case was denied by Chief Baron McDonald, in the subsequent case of Mellor v. Denn, in the House of Lords (2 Bos. Pul. 252-3), *Page 168 
and Sir James Mansfield (Doe v. Clark, 2 New Reports, 349) says that the case of Doe v. Richards, when decided surprised him much, for the words in the will there merely created acharge upon the estate.
In the case of Doe v. Snelling, 5 East, 87, Lord Ellenborough, speaking of the case of Doe v. Richards, says: "The doctrine and principle of which is right, though perhaps the words to which it was applied will hardly sustain the application, as was considered by many of the judges on the decision of the case of Denn v. Mellor, 2 Bos. and Pul.,
in the House of Lords. That was a devise of lands, `his legacies and funeral expenses being thereout paid,' and those words were held to carry the fee, being considered the same as if the devisor had said `being by him (the devisee) thereout paid.' And if those words had been added the application would unquestionably have been right."
In Doe v. Snelling, lands were devised to George Snelling and Sarah his wife, "after having thereout first paid and discharged all my just debts and funeral expenses," and it was adjudged that the devisee took an estate in fee. This was on the ground that the words "after having thereout paid," designated the devisees as the persons who were to pay, and created a personal charge upon them in respect to the estate devised. Le Blanc, J., regarded these words as equivalent to saying, "Afterthey (the devisees) shall have thereout paid." This decision therefore acknowledges and is founded upon the distinction between words which specify that the charge is to be paid by the devisee, and words which do not specify the devisee as the person to make the payment.
In Jackson v. Bull, 10 Johns. 151, this distinction is recognized, and formed one of the grounds on which the judgment was rendered.
In Spraker v. Van. Alstyne, 18 Wend. 205, the chancellor said the meaning of the expression, "a charge upon the person in respect to the lands devised" is, that the devisee is directedto pay the debts or legacies personally, or to relinquish some other right, for the reason or because the testator has made the *Page 169 
devise to him, so that if the devisee accepts the devise, he impliedly assumes to pay the charge or submit to the loss. The devisee in that case was adjudged to have taken an estate in fee under an indefinite devise, because the will contained a direction that all the testator's debts should be paid by thedevisee.
The case of Barheydt v. Barheydt, 20 Wend. 576, was decided on the same principle and the distinction recognized.
The devise in the will in question is not on condition that the devisee shall pay the legacies. The legacies are made a lien on the land, but the estate of the devisee is no more conditional than if the lien were by virtue of a judgment.
"It will be in vain," said Ch. J. Kent, in Jackson v. Bull,
10 Johns. 153, "to look for uniformity and harmony of decision in this branch of the law. Cases may frequently mislead us by their misapplication of principle, but it is our duty always to recall and adhere to principle in opposition to any particular case."
The principle which must govern the present case is well stated in Powell on Devises above referred to, and in 2 Jarman onWills, 172, 173, 1st Am. ed. The cases cited in those treatises fully support the doctrine contained in the text. The case ofGully v. The Bishop of Exeter, 4 Bing. 290, is opposed to the general current of the English cases, and to the subsequent case of Doe v. Clark, 1 Crompton Meeson, 39.
On the ground therefore that the will in question contained no direction that the legacies in question should be paid by the devisees in remainder; and that they were therefore charged on the land merely and not on the devisee in respect of the land devised, the judgment of the supreme court must be reversed, and a new trial ordered, with costs to abide the event of the suit.