WILLIAM P. BUEL et al. *v.* FRANCIS B. SOUTHWICK et al., JACOB LEONARD, Purchaser, Appellant.

The will of B. devised certain premises to each of his three children, C., J. and W., respectively, "and his, her, or their direct lineal descendants, should he, she, or they have any, in fee simple absolutely," "subject to the conditions and contingencies" following, *i. e.*, "in the event that either * * * shall die, leaving no children or descendants of any children, then and in such case," the devise to the one so dying to go "to the children of the survivors or survivor * * * equally, share and share alike, the direct lineal descendants, if any, of such of my said three children * * * as may then be deceased to be entitled to the same share which the child or children so deceased would have been entitled to if living." B. died, leaving the said three children him surviving. C. thereafter died, without having had a child born to him. *Held*, that the death referred to was not a death during the lifetime of the testator; that the devise to C. gave to him a contingent estate in fee, subject to be, and which was reduced to a life estate by his death without children, or the descendants of any children, and upon his death the fee passed to the children of J. and W., then living. Also, that the devise over, was valid as a contingent limitation upon a fee (1 R. S., 724, § 24), and was not repugnant to the statutory provision prohibiting the suspension of the power of alienation for more than two lives. (1 R. S., 723, §§ 14, 15).

*Livingston* v. *Livingston* (52 N. Y., 118) and *Embury* v. *Sheldon* (68 id., 227) distinguished.

The premises devised to C. were, during his life, sold for non-payment of an assessment, and were bid off by one P. C. left a will, by which he devised all his real estate to N., whom he also appointed executor. The certificate of sale was assigned by P. to N. as trustee, and an assessment lease was executed to him as such trustee. *Held*, that any title so acquired by N. enured to the benefit of the devisees under the will of B.

(Argued September 18, 1877; decided October 2, 1877.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term requiring Jacob Leonard, purchaser at a judicial sale herein, to take a deed and complete his purchase.

This was an action of partition. The premises in question are situate in the city of Albany, and were formerly the property of Jesse Buel, who died seized thereof in October, 1839, leaving a last will and testament, in and by which he devised said premises to his son, Charles Buel, "subject to the conditions and contingencies hereinafter mentioned." After various devises to the other children of the testator, the will contained this clause:

"All the said several gifts and devises before mentioned to my said children, Charles, Julia C., and William P., are made upon the express condition and subject to the condition next following, that is to say: that the gift or devise to each is made and given to each, and his, her or their direct lineal descendants, should he, she or they have any, in fee simple absolutely; but in the event that either the said Charles, Julia C., and William P., shall die leaving no children, or descendants of any children, then and in such case, I hereby give, devise and bequeath the said several gifts, devises and bequests, which belong to him, her or them, to the children of the survivors or survivor of them, the said Charles, Julia C., and William P., equally share and share alike; the direct lineal descendents, if any, of such of my said three children, Charles, Julia C., and William P., as may then be deceased, to be entitled to the same share which the child or children so deceased would have been entitled to if living."

The three children so named survived the testator.

Charles Buel died in May, 1854, leaving no children or descendants of any children, and never having had a child born to him. His sister, Julia C., who was the wife of Henry C. Southwick, had three children living at the time of the death of the testator; William P., had also three children.

then living, who are the plaintiffs herein. The three children of Julia P. are defendants, together with other persons, claiming interests as purchasers. Two children were born to Julia P. after the death of Charles Buel. Said Charles left a will, by which he devised to John Newland, his executor, all his real and personal estate in trust for the benefit of his widow during her life, or as long as she should remain unmarried. Prior to the death of said Charles Buel, and in 1851, the premises were assessed and taxed as his property. They were sold for the non-payment of said assessments in June, 1853, and were bid off by Elizabeth Pierce for the term of one thousand years. She assigned the certificate of sale to said John Newland, as trustee under the will of said Charles Buel, and the premises were conveyed to him as trustee by the treasurer of Albany county. By the judgment in this action, the premises were directed to be sold. They were sold accordingly, and bid off by Jacob Leonard, who refused to complete the purchase because of defect of title.

*O. M. Hungerford*, for the appellant. Charles Buel took a fee simple under the will, estates tail having been abolished. (*Parkman* v. *Bowdoin*, 1 Sumn., 363; 2 Jarm. on Wills, 307 M. P.; *Patterson* v. *Ellis*, 11 Wend., 259; 2 N. Y., 357, 386; 2 Seld., 419; *Morris* v. *Beyer*, 13 N. Y., 281; *Jasser* v. *Wright*, 2 Blight, 1; *Franklin* v. *Lay*, 6 Mad. Ch., 258; *Leigh* v. *Norbury*, 13 Ves., 339; *Frank* v. *Stoven*, 3 East, 548; *Doe* v. *Applin*, 4 T. R., 82; *Livingston* v. *Livingston*, 52 N. Y., 118; *Embury* v. *Sheldon*, 68 id., 227.) The devise was void, because it unduly suspended the power of alienation. (1 R. S., 723, §§ 14, 15, 16; *Persons* v. *Snook*, 40 Barb., 152.)

*A. J. Colvin*, for the respondents. Newland took, as executor, an express trust under the will of Charles Buel, and a general release and conveyance was sufficient to convey the tax title acquired by him. (1 R. S., 728, 729, §§ 55, 60; *Ward* v. *Ward*, 5 Paige, 597; *Craig* v. *Hone*, 2

Edw., 554; *Costar* v. *Lorillard*, 14 Wend., 265.) The appellant was estopped from objecting to the title or to paying the balance of the purchase-money. (Coke's Litt., 352*a;* Bouv. L. Dict. Estoppel; 3 Black. Com., 308.) Charles Buel took only a future contingent estate under his father's will. (1 R. S., 723, § 22; id 724, § 22; Hawkins on Wills, 69, 71, 78; *Moffat* v. *Strong*, 10 J. R., 12; *Anderson* v. *Johnson*, 16 id., 382; *Rathbone* v. *Dyckman*, 3 Paige, 30; *Norris* v. *Beyea*, 13 N. Y., 280; *Stevens* v. *Snelling*, 5 East, 87; 14 M. & W., 698; 24 Pick., 139; 18 Wend., 205; *Mesick* v. *New*, 3 Sel., 365; *Van Dyke* v. *Emmons*, 34 N. Y., 186.) There was no undue suspension of the power of alienation by the will. (*Amory* v. *Lord,* 9 N. Y. 416, 418; *Norris* v. *Beyea*, 13 id., 280.)

MILLER, J. The testator by his will gave, devised, and bequeathed to his son, Charles, the premises described in the complaint in this action, "subject to the conditions and contingencies hereinafter mentioned."

After making various other devises, he provided that all the said several gifts and devises before mentioned to his children, who were named, "are made, upon the express condition and subject to the conditions * * * that the gift and devise to each is made and given to each, and his, her, or their direct lineal descendants, should he, she, or they have any, in fee simple absolutely; but in the event that either of the said Charles, Julia, and William P. shall die, leaving no children or descendants of any children, then and in such case I hereby give, devise, and bequeath the said several gifts, devises, and bequests which belong to him, her, or them, to the children of the survivors or survivor of them, the said Charles, Julia C., and William P. equally, share and share alike; the direct lineal descendants, if any, of such of my said three children, Charles, Julia C., and William P. as may then be deceased to be entitled to the same share, which the child or children, so deceased, would have been entitled to if living."

We concur with the opinion of the referee that these provisions, which must be construed in connection with each other, were intended to give to Charles Buel a contingent estate in fee, which was liable to be reduced to a life estate in case of his decease without children, or any descendants of children; and as Charles Buel died without any children, the estate devised to him terminated upon his death, and the title to the same passed to the children of Julia C. and William P. Buel, who are parties in this action.

By 1 R. S. (722, § 3), all estates tail are abolished, and every estate which would be adjudged a fee tail, according to the law of this State as it existed in 1782, shall thereafter be adjudged a fee simple, and if no valid remainder be limited therein, shall be deemed a fee simple absolute. By the next section (4), where a remainder is limited upon an estate which would be adjudged a fee tail, such remainder is valid as a contingent limitation upon a fee, and vests on the death of the first taker without issue.

Under these provisions the devise in question contained a contingent limitation, and hence it was not an estate tail, and did not become a fee prior to the death of Charles Buel. The statute abolishing entails was intended, as is apparent, to except expressly from the effect of the law all estates where a valid remainder was limited, and as the devise in question to Charles Buel was made to depend upon certain conditions and contingencies which were named, it comes directly within the exception referred to. These conditions being connected with, and a part of the original devise to Charles Buel, and a qualification and restriction of its terms and effect, cannot, I think, be said to be antagonistic to or inconsistent with it.

The authorities to which we have been referred from this state do not sustain the doctrine that where there is a limitation, as in this case, an estate in fee becomes vested in the first devisee, and the terms of the devise made in each of them are entirely different from the one now considered, and by no means analagous. The last remark will also apply to

the English cases which are cited, and in considering them it should be borne in mind that there is no statute in England abolishing estates tail, and making limitations as to contingent estates, as there is here. Considering the language of the first clause in the will, which has been cited, which expressly qualifies the estate devised and makes it subject to terms afterwards specified, and without laying down any general rule as to other cases, it is sufficient to say that the devise over was valid as a contingent limitation upon the determination of the first estate. (1 R. S., 724, § 24.)

There is no ground for claiming that the will must be construed to mean that, if either of the children die within the lifetime of the testator without children, then the children of the survivors were to take, and as they all survived, they took in fee simple. The authorities cited to sustain this position are not in point. (*Livingston* v. *Livingston,* 52 N. Y., 118; *Embury* v. *Sheldon,* 68 id., 227.) The power of alienation was not suspended by the devise, for a period of more than two lives, within the provisions of the Revised Statute. (1 R. S., 723, §§ 14, 15.)

Upon the death of Jesse Buel, and by virtue of his will, Charles became entitled to the estate, and when Charles died without child or descendant, and without having been the father of any child, the fee passed to the children of William P. and Julia C. Buel. If there had been no such children, and no descendants of the last-named persons, then the devise would have passed to the heirs-at-law of the testator. There was, therefore, no suspension of the power of alienation beyond the term of one life — that of Charles Buel. (*Amory* v. *Lord,* 9 N. Y., 416, 418.) Upon Charles' death without issue, the estate passed to the children of his brother and sister; and if they had none, then to them as heirs-at-law of the testator and such other heirs as he left who then survived. It became vested in them, and was not open to let in after-born children.

There is no force in the objection urged as to the conveyance made to Newland by the treasurer of Albany county

for the unpaid taxes; Newland, being a trustee, could not acquire any title on his own behalf adverse to that of the real parties in interest, and what he did get must enure to the benefit of the devisees under the will.

There is no defect of title in this respect, nor is any other point made which requires discussion. As a good title could be given to the purchaser, he is bound to take a deed, and the order of the Special Term directing Jacob Leonard to complete the purchase should be affirmed.

As the questions presented are not free from difficulty, neither party should have costs on this appeal.

All concur, except FOLGER, J., absent.

Order affirmed.