HENRY H. NELLIS, Appellant, v. GEORGE H. NELLIS, Respondent.

The will of N. devised to two grandsons, the parties hereto, certain real estate "jointly and in equal proportions * * * subject to the provisions hereinafter made and the bequests." After various bequests, which were made charges upon the real estate, the will provided in substance that in case of the death of either of the devisees without lawful issue the surviving devisee should take the whole ; upon his death, if without issue; the estate to go to the testator's grandchildren, the children of his son H. In an action for partition, *held*, that by the provision in reference to the two devisees named dying without issue, a death prior to that of the testator was not alone intended, but it related as well to a death occurring after his decease ; that the two devisees named took a contingent estate in fee, subject to be reduced to a life estate by his death without issue, and in case of the death of both without issue, the devise to the children of the testator's son H. would take effect and vest in them an absolute fee ; that such devise was valid as a contingent limitation upon a fee, and that said grandchildren living at the time of the testator's death were proper and necessary parties to the action.

Also, *held*, that the rule was not changed by the fact that the primary devise was chargeable with legacies and other burdens ; that a gift of an absolute fee could in no case be implied from the fact that a legacy is charged simply upon the lands, not upon the devisee personally; and that when the language of the will is explicit and unambiguous and gives an estate less than a fee, although it charges the devisee personally with the payment of legacies, the payment thereof will not enlarge the estate to an absolute fee.

*Livingston* v. *Greene* (52 N. Y. 118), *Embury* v. *Sheldon* (68 id. 227), *Kelly* v. *Kelly* (5 Lans. 443 ; affirmed, 61 N. Y. 47), distinguished.

Also *held*, that by the devise there was no unlawful suspension of the power of alienation.

Also *held*, that only the children of the testator's son H., living at the time of the testator's death, were entitled to take ; that the devise would not let in after-born children.

(Argued June 24, 1885 ; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 1, 1883, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This was an action for partition of certain lands to which the complaint alleged the parties acquired title in fee under and by the will of George H. Nellis, deceased. The answer denied that the parties were owners in fee, and alleged a defect of parties in that certain persons, grandchildren of the testator's son, Henry G. Nellis, who had a contingent interest in the premises, were not made parties.

The provisions of the will so far as material are set forth in the opinion.

*Nathaniel C. Moak* for appellant. The devises of real estate were absolutely to the testator's grandsons, Henry H. and George H., subject to the provisions hereinafter made and the bequests. (*Roseboom* v. *Roseboom*, 15 Hun, 309.) Since the Revised Statutes this gives the fee without adding the word "heirs." (1 R. S. 748, § 1 ; 1 Edm. Stat. 699 ; *Roseboom* v. *Roseboom*, 15 Hun, 314 ; *Bishop* v. *Bishop*, 4 Hill, 138 ; *Kelly* v. *Kelly*, 61 N. Y. 47 ; *Kirk* v. *Richardson*, 32 Hun, 34 ; *Post* v. *Hover*, 33 N. Y. 593 ; 2 R. S. 66, § 52 ; 2 Edm. Stat. 66.) The eighth clause, providing for the devisees, Henry H. and George H., or either of them, dying without lawful issue, refers to their, or either of their, so dying during the life-time of the testator only. The clause is one of contingency and not of limitation. (*Kelly* v. *Kelly*, 61 N. Y. 47 ; *McLaughlin* v. *Maher*, 17 Hun, 215 ; *Gibson* v. *Walker*, 20 N. Y. 476 ; *Livingston* v. *Green*, 52 id. 124 ; *Embury* v. *Sheldon*, 68 id. 233 ; *Converse* v. *Kellogg*, 7 Barb. 590 ; *Goodall* v. *McLean*, 3 Bradf. 309 ; *Moore* v. *Lyons*, 25 Wend. 127 ; *Crossman* v. *Fields*, 119 Mass. 170 ; *Abbott* v. *Bradstreet*, 3 Allen, 589 ; *Snell* v. *Davis*, 23 Grant's [U C.] Ch. 132 ; *Leonard* v. *Kingsland*, 19 N. Y. Weekly Dig. 473 ; *Kerr* v. *Bryan*, 32 Hun, 51 ; *In re Tallmadge*, 20 N. Y. Weekly Dig. 69 ; 61 N. Y. 47 ; 68 id. 227 ; 81 id. 365 ; 91 id. 464 ; *Matter of Mahan*, 32 Hun, 73 ; *Rose* v. *Hill*, 3 Burr. 1881 ; *Waugh's Appeal*, 78 Penn. St. 436 ; *Mickley's Appeal*, 92 id. 514 ; *Carroll* v. *Burns*, 15 Weekly Notes of Cases, 553, 557 ; Wigram on Extrinsic Ev. [2d Am. O'Hara Ed. 55–6, rules 13, 14] ; id.

58–102.) The fact that the will contains no words showing that when once vested the taker's estate is limited to a life estate is one of much weight. (*Kelly* v. *Kelly*, 5 Lans. 445; *Hennessy* v. *Patterson*, 85 N. Y. 91; *Foley* v. *Foley*, 17 Hun, 235; *Kelso* v. *Lorillard*, 85 N. Y. 176; *Sherman* v. *Sherman*, 3 Barb. 385; *Dumond* v. *Stringham*, 26 id. 104; *Barnes* v. *Hathaway*, 66 id. 452; *Buel* v. *Southwick*, 70 N. Y. 581, 586.) When an estate is given in one part of a will in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate. (*Roseboom* v. *Roseboom*, 81 N. Y. 356.) The subsequent words or provisions, if repugnant to or inconsistent with the first provision, will be held void. (*Caldwell* v. *Beaumont*, 91 N. Y. 464; *Clarke* v. *Leupp*, 88 id. 218; *Jackson* v. *Robbins*, 16 Johns. 537; *Jackson* v. *Bull*, 10 id. 19; *McDonald* v. *Wallgrove*, 1 Sandf. Ch. 274; *Van Horne* v. *Campbell*, 30 Hun, 215; *Wilson* v. *Wilson*, 32 Barb. 328; *Taggart* v. *Murray*, 53 N. Y. 233.) The devisees having accepted the devise, that imposed upon them a personal liability and duty to pay the legacies given by the testator without reference to the fact whether the property devised and accepted was sufficient for that purpose. (*Gridley* v. *Gridley*, 24 N. Y. 130; *Harris* v. *American Bible Society*, 4 Trans. App. 488, 489; *Heard* v. *Horton*, 1. Den. 165; *Cipperly* v. *Cipperly*, 40 How. Pr. 271; *Dumond* v. *Stringham*, 26 Barb. 104; *Spraker* v. *Van Alstyne*, 18 Wend. 204; *Barheydt* v. *Barheydt*, 20 id. 576; *Fox* v. *Phelps*, id. 437; *Mesick* v. *New*, 7 N. Y. 165; *Olmstead* v. *Olmstead*, 4 id. 56; *Jackson* v. *Martin*, 18 Johns. 131; *Jackson* v. *Merrill*, 6 id. 185; *Maclachlan* v. *Maclachlan*, 9 Paige, 534; *Cook* v. *Holmes*, 11 Mass. 532; *Tanner* v. *Livingston*, 12 Wend. 83; *Denn* v. *Slater*, 5 Term R. 237; *Doe* v. *Owens*, 1 Barn. & Ad. 318; *Doe* v. *Wright*, 2 id. 710; *Bowers* v. *Porter*, 4 Pick. 398; *Willis' Lessee* v. *Bucher*, 2 Binney, 455; *Dixon* v. *Ramage*, 2 Watts & Serg. 142; *Wright* v. *Denn*, 10 Wheat. 241.) When any scheme creating an estate may, by its results, suspend the power of alienation for a longer

period than the statute allows, it is void. (*Hawley* v. *James*, 16 Wend. 61; *Jennings* v. *Jennings*, 7 N. Y. 547.) The devisees took a fee because the attempted gift over was an executory devise. (*Coe* v. *Dewitt*, 22 Hun, 428; *Lott* v. *Wykoff*, 2 N. Y. 355; *Seaman* v. *Harvey*, 16 Hun, 71; *Huxford* v. *Milligan*, 50 Ind. 546; 1 Fearne on Remainders, 444 *et seq.*; *Patterson* v. *Ellis*, 11 Wend. 259; *Pond* v. *Berg*, 10 Paige, 150; *Wilson* v. *Wilson*, 32 Barb. 332; *Grant* v. *Townsend*, 2 Den. 336; *Waldron* v. *Gianini*, 6 Hill, 603; *Van Vechten* v. *Pearson*, 5 Paige, 512; *Brown* v. *Lyon*, 6 N. Y. 419; *Hounslea* v. *Hand*, 21 Hun, 251; *Den* v. *Allaire*, 20 N. J. Law, 6, 9; *Schoonmaker* v. *Sheeley*, 3 Hill, 165; 3 Denio, 485; 4 Kent's Comm. 276; *Freeborn* v. *Wagner*, 49 Barb. 43; *Van Horne* v. *Campbell*, 17 N. Y. Weekly Dig. 108; *Wallis* v. *Woodland*, 32 Md. 101.)

*James E. Dewey* for respondent. Every estate which under our law before 1782) would be adjudged a fee-tail shall hereafter be adjudged a fee-simple; and if no valid remainder be limited thereon, shall be a fee-simple absolute. (1 R. S., marg. p. 722, § 3.) Where a remainder in fee shall be limited upon any estate, which (under our law before 1782) would be adjudged a fee-tail, such remainder shall be valid as a contingent limitation upon a fee, and shall vest in possession on the death of the first taker without issue, living at the time of such death (1 R. S., marg. p. 722, § 4; id. 723, § 13; id. 724, § 22; id. 725, § 27; *Buel* v. *Southwick*, 70 N. Y. 585; *Sherman* v. *Sherman*, 3 Barb. 385; *Hennessy* v. *Patterson*, 85 N. Y. 100; *Kelly* v. *Kelly*, 61 id. 47; *Britton* v. *Thornton*, 112 U. S. 526; 3 Jarm. on Wills 590 [edn. 1881, 5th Am. from 4th Lond. edn.]; *Foley* v. *Foley*, 17 Hun, 236; *Kelso* v. *Lorillard*, 8 Daly, 300; *Dumond* v. *Stringham*, 26 Barb. 105; *Vanderzee* v. *Slingerland*, 19 N. Y. Weekly Dig. 107; 31 Hun, 535; *In re N. Y., L. E. & W. R. R. Co.*, 18 N. Y. Weekly Dig. 211; *Denny* v. *Kittell*, 29 Alb. L. J. 57; *Hurlburt* v. *Emerson*, 16 Mass. 241; *Hawley* v. *Northampton*, 8 id. 3; *Norris* v. *Beyea*, 13 N. Y. 273, 284). There is no illegal suspension of

the power of alienation. (*Du Bois* v. *Ray*, 35 N. Y. 162; *Hennessy* v. *Patterson*, 85 id. 92; *Buel* v. *Southwick*, 70 id. 581; *Kelso* v. *Lorillard*, 85 id. 182; *Doubleday* v. *Newton*, 27 Barb. 432.) Every person, who, by any contingency contained in a devise, etc., is, or may become entitled to a beneficial interest, etc., must be made a party to the action. (Code, § 1538; *Jenkins* v. *Fahey*, 73 N. Y. 355; *Jordan* v. *Poillon*, 77 id. 518.)

MILLER, J. The question to be determined in this action depends upon the construction to be placed upon certain provisions in the last will and testament of George H. Nellis, deceased, under which both the plaintiff and defendant derive title.

The testator by his will gave to his two grandsons, Henry H. Nellis, and George H. Nellis, plaintiff and defendant herein, the real estate described in the complaint as hereinafter stated.

The third clause of the will provides as follows: " I will and devise to my grandsons Henry H. Nellis and George H. Nellis, the sons of my son Henry G. Nellis, jointly and in equal proportions, my homestead farm upon which I now live, which I received from my father, together with the farm I purchased of Frederick Young, commonly called the Frederick Young farm, both farms lying mostly in the town of Minden, and within the county of Montgomery, being about two hundred acres of land, subject to the provisions hereinafter made, and the bequests."

The testator also bequeathed to these same grandsons all the personal property of which he might die seized, except as thereafter mentioned, in equal proportions. He also devised and bequeathed, by the fifth clause of his will, to his son Henry G. Nellis and his wife the right and privilege to the occupancy of the west portion of his dwelling-house in common with his grandsons, the parties hereto, and provided that the former should be clothed and maintained during their natural lives, and furnished with medical aid, care and attendance in sickness and old age, at the expense of said two grandsons equally, and

then provided as follows: "All of which I order in consider- tion of the devises and bequests to them hereinbefore made, and all which maintenance and support I make a charge upon my said real estate." He also declared in the same clause that three daughters of his son Henry G. should live upon the homestead with their parents, and be supported in the same manner while they remained in the family, and to have the exclusive right to use a certain designated room in the house. He also gave to each of said granddaughters a cow to be fur- nished them by his grandsons Henry H. and George H., and to his grandson John V. C. Nellis $200, and his five grand- daughters, children of his son Henry G., $100 each, all to be paid within five years after his decease, by his said grandsons Henry H. and George H., and to be made a charge upon his real estate therein devised. The eighth clause of the will pro- vides as follows: "My will expressly is, and so I devise and bequeath, that in case my said grandsons, Henry H. and George H., shall die without lawful issue, their share and portion of my said estate herein in this will given to them shall go to and be the property and estate of my grandchildren, the children of my son Henry G., in equal proportions. My will is that in case both of said grandsons shall die, then his portion shall go as in this section just stated. And my will is, and so I devise, that in case either of said grandsons shall die without lawful issue, the survivor shall take the share and portion of the one dying, subject to the legacies and bequests and charges upon him and the estate devised to him." Subsequently by a codi- cil to his will the testator bequeaths to Catharine, wife of his son Henry G., $200, to be paid out of his estate by his said grandsons Henry H. and George H. equally, and makes it a charge on his real estate.

It will be seen from a perusal of the provisions of the will cited, that the testator imposed upon the estate devised to his two grandsons Henry H. and George H. various conditions and the payment of several legacies which were made a charge upon the same, and that the grandsons took the estate subject to these burdens.

The question to be decided is whether the devise of the real estate to his two grandsons was a devise in fee subject to the conditions and legacies contained in the will, or whether it con-. tained a contingent estate in fee liable to be reduced to a life estate as to each of them in case he should die without lawful issue, the survivor to take the whole upon the same condition and liable to be reduced in the same manner.

By the Revised Statutes (1 R. S. 722, § 3), estates tail were abolished and were declared to be thereafter a fee-simple, and, unless a valid remainder was limited thereon, became a fee-simple absolute.     Where a remainder was limited by an estate in fee-tail, the statute declared that it should be valid as a contingent limitation upon a fee, and vest upon the death of the first taker without issue.     (Id., § 4.)

Under these provisions, unless an estate in fee was created by the will, the devise in question, which depended upon certain contingencies and conditions, contained a contingent limitation.     The third clause of the testator's will devised the real estate therein mentioned subject to the provisions subsequently made.     These provisions embraced the legacies afterward bequeathed, and various other burdens upon the real estate which were imposed as a condition of the devise to the two grandsons of the testator named in the will and the codicil as hereinbefore stated.     The said devise was not absolute on its face, but was specially qualified by the eighth clause of the will, which is made a condition and an integral part of the devise.     Its effect was dependent upon and limited by the terms imposed by the last clause mentioned, which must be regarded and considered in connection with the third clause.     The two must be taken together as constituting a single disposition of the testator's estate under the devise in question.     Being thus considered, it would seem to be quite evident that the testator did not intend that either of the devisees should become vested with the estate in fee under the devise in case the other should die without lawful issue.     He expressly provided that if both of them should die without lawful issue, the estate devised should go to his grandsons, the children of his son Henry G.,

in equal proportions. If one should die without lawful issue, then his portion was to go to the survivor, and if the survivor died under like circumstances then his portion, which included the share of both, would pass to his said grandsons. Such was the plain intent of the testator. If either of the devisees died leaving issue, such issue took his share, if without issue it passed to the survivor who took the whole, and upon his death it went to his heirs, if any, if not, to the grandchildren referred to in the eighth clause of the will.

It thus follows that Henry H. and George H., named in the devise, took a contingent estate in fee which was liable to be reduced to a life estate whenever the contingency named in the will should happen, and that thereupon the devise to the grandchildren named in the will, which is to take effect upon the happening of the contingency mentioned, is valid as a contingent limitation upon a fee.

According to a well-settled rule, the will speaks from the time of the death of the testator, and it is evident, we think, that it was not the intention of the testator that the provision in the eighth clause, as to Henry H. and George H. dying without lawful issue, referred to either or both of them dying prior to his decease, but it related to their death, *which might occur after the testator's*. He intended by his will to say that if their death occurred as provided, after his decease, then the estate devised to said two grandchildren should become the property of the other grandchildren named in the eighth clause.

The case of *Buel* v. *Southwick* (70 N. Y. 581) is directly in point and disposes, we think, of the question considered. The testator in that case by his will devised certain real estate to each of his three children respectively, " and his, her, or their direct lineal descendants, should he, she or they, have any in fee-simple absolutely " subject to the conditions and contingencies that " in the event that either  *  *  *  shall die, leaving no children or descendants of any children, then and in such case " the devise to the one so dying to go " to the children of the survivors or survivor,  *  *  *  equally share

and share alike, the lineal descendants, if any, of such of my said three children    \*    \*    \*    as may then be deceased, to be entitled to the same share which the child or children so deceased would have been entitled to if living." The testator died leaving the said three children him surviving. C., one of the children, thereafter died without having had a child born to him. *Held*, that the death referred to was not a death during the life-time of the testator; that the devise to C. gave him a contingent estate in fee, subject to be, and which was reduced to a life estate by his death without children, or the descendants of any children.

It is apparent that no distinction exists between the case cited and the one at bar which authorizes a disregard of the rule laid down. It is not clear in the case cited that the will showed any more distinctly than in the present case an intention to refer to a death after the decease of the testator. It is true that here the devise to Henry H. and George H. was chargeable with legacies and other burdens, but that fact does not alter the application of the rule where express provision is made that the devise shall depend upon a subsequent provision in the will. In the latter case such provision is controlling and the devisee takes subject to all the conditions which are provided for. Nor does it alter the case because the devise is not to the lineal descendants, should they have any, in fee-simple absolute as was the fact in the case cited. The designation of the grandchildren, as such, upon the decease of the first two devisees was quite as specific as if lineal descendants had been referred to, and it was sufficient that the devisees intended were directly pointed out. The intention here is quite as manifest as in *Buel* v. *Southwick* (*supra*), as to who should take upon the happening of the contingency named. The use of the words " provisions and bequests" instead of the words " condition and contingency " makes no such distinction between the two cases as authorizes a holding that they are not analogous. The language is clearly comprehensive in both cases and the former includes the condition and contingency referred to in the latter. (See, also, *Sherman* v. *Sherman*, 3

Barb. 385; *Dumond* v. *Stringham*, 26 id. 105.) The authorities in reference to the construction of devises which are subject to contingencies and conditions, embracing the same general characteristics as the ones contained in the testator's will, uniformly hold that the death referred to is that of the one dying without issue whenever it shall happen without regard to that of the testator.

Numerous cases are cited by the appellant's counsel to sustain a position adverse to the views already expressed, but they are all clearly distinguishable from the case at bar as is manifest by an examination of the same. It will be well to refer to some of the leading decisions which are relied upon. In *Livingston* v. *Greene* (52 N. Y. 118), the devise in the will, which was the subject of discussion, was not made subject to any provision or any condition contained in the same, and hence the case is not analogous. The devise was to testator's wife for life, then to his children, and should any of them die leaving lawful heirs they to take the parent's portion. It was decided there was no occasion to apply the rule laid down in *Moore* v. *Lyons* (25 Wend. 119). *Embury* v. *Sheldon* (68 N. Y. 227) was somewhat similar in its features to the case last cited, and the question involved was as to the intention of the testator under all the circumstances presented. Both these cases are cited in *Buel* v. *Southwick* (*supra*) and referred to as not being in point. They, therefore, have no application to the case at bar. In *Kelly* v. *Kelly* (5 Lans. 443; affirmed, 61 N. Y. 47), the devise was not subject to any contingency, and the question there was also as to the intention of the testator in view of a peculiar state of facts which are not in any way analogous to the present case. Some other cases are cited, but none of them present the features which distinctly mark the case under consideration.

In view of the decisions of this court already cited, the question we have discussed must be considered as distinctly settled and disposed of adversely to the appellant's contention.

The appellant's counsel claims that the devise, having imposed upon the devisees, and they having accepted therewith, a personal liability to pay such certain legacies, and having paid them, in consequence of their doing so, they took a fee in

the land devised, even though they would otherwise have taken only a life estate, and cites numerous authorities to sustain this position.    The cases referred to have no application where the language devising the estate is explicit and without ambiguity. Where the will gives an estate less than a fee, it is a good consideration for charging the devisee personally with the payment of the legacies, if he accepts the devise.    Such payment, however, will not enlarge the estate to an absolute fee, when it is apparent that there was no intention to devise such estate. In *Mesick* v. *New* (7 N. Y. 163), it was held that in order to enlarge a devise, without words of inheritance, into a fee, by implication, by a legacy charged upon the devise, it was necessary that the payment of the legacy should be imposed upon the devisee as a personal duty in respect to the devise, and the devisee took an estate for life only.

In the case cited the will went into effect in 1802, and devised the lands without words of inheritance, and legacies were given to be paid out of the real estate.    The correct rule is laid down in the opinion by RUGGLES, Ch. J., where it is said : " Where a direction to pay a gross sum is imposed on a devisee to whom land is devised indefinitely, without words of inheritance, he takes a fee, because, unless the devisee were to take a fee, he might in that event be a loser by the devise, since he may die before he has reimbursed himself the amount of the charge. But where the charge is upon the land simply, it does not enlarge the devisee's estate.    In such case the incumbrance attaches into whatsoever hands the lands may fall, and no ground exists for enlarging the estate.    A charge on the land as distinguished from a charge on the person would not entitle the devisee to a fee.    So if a charge of a sum of money be in a distinct clause, without any direction express or by construction, that the devisee is to be personally liable to pay the charge, a gift of the fee will not be implied."    This case is strikingly analogous to the one at bar, and in both cases the charge is upon the land, and, therefore, the estate did not become enlarged by implication so as to create a fee.    In the case considered, there being no direction, express or implied, that

the devisee is to pay the legacies personally, no gift of the fee is to be implied.

There is nothing in the language employed in the will from which it can fairly be claimed that the testator intended the legacies bequeathed should be a personal charge, and that a fee should pass by reason of a liability to pay the same. The rule claimed has never been held to be applicable to cases where the words of limitation of an estate are clear and specific, and where the intention of the testator is manifest as is the case here, but only resorted to to aid in the discovery of the intention of the testator. This is apparent from an examination of the cases which are relied upon by the appellant's counsel.

We think there was no unlawful suspension of the power of alienation by the devise in question. By the testator's death. a contingent estate in fee vested in Henry H. and George H., which was liable to be reduced to a life estate, but at the same time, the contingent interests of the other grandchildren living at the time, and to whom, upon the happening of the contingency, was devised the ultimate fee, also became vested in them. At the instant of the testator's death, these grandchildren became vested, under the will, with a right to the estate upon the happening of the contingency stated. They could unite with the first takers, at the time of the testator's death, in conveying an absolute fee in the estate devised. The devise, in question, would not, we think, let in after-born children of the testator's son, Henry G., and only those in being, at the time of the testator's death, were entitled to take.

The claim that the devisees took a fee because the attempted gift over was an executory devise is sufficiently answered by the discussion already had.

It also follows that the parties named in the answer are necessary parties to the action, and a complete determination of the controversy cannot be had without these parties being brought into court. (Code of Civ. Pro., § 1538; *Jordan* v. *Poillon,* 77 N. Y. 518.)

The judgment should be affirmed.

All concur, except ANDREWS, J., not voting.

Judgment affirmed.