IN THE MATTER OF THE PETITION OF BRIDGET HYDE FOR AN ORDER DIRECTING THE PRODUCTION OF JOHN LANE AND OTHERS, TENANTS FOR LIFE OF CERTAIN REAL ESTATE, BY ELLEN GAGE.

*Proceedings to compel the production of a tenant for life — not applicable to cases where the estate of the occupant is a base or qualified fee — Code of Civil Procedure, sec. 2302.*

A testator gave and devised to his daughter Maria, her heirs and assigns, forever certain lands upon this condition: "But in case my said daughter Maria McLean should die without issue, then I give and devise to my nephew John Lane, son of my brother Patrick Lane, the above described premises, to have and to hold the same during his natural life, and after his death to my daughter Bridget McLean, and to her heirs and assigns, forever." Bridget McLean claiming that Maria had died without issue, and that John was also dead, instituted proceedings, under section 2302 of the Code of Civil Procedure, against the person in possession of the lands to compel her to produce the said persons or prove that they were living.

*Held*, that the proceedings should be dismissed as not authorized by the statute.

That even if it were conceded that Maria had a base or qualified fee, terminable on her death without issue, instead of an absolute fee, yet her estate was not that of a tenant for life in the premises in the sense in which that term is used in the statute upon which these proceedings were based.

APPEAL from an order of the Erie Special Term, denying a motion for an order directing that certain alleged tenants for life of certain

real estate in the city of Buffalo be produced by one Ellen Gage, the occupant thereof.

The petitioner bases the proceedings which she has instituted upon the provisions of section 2302 of the Code of Civil Procedure. She claims to be entitled to the real estate described in the petition, if Maria McLean be dead without issue of her body surviving, and if one John Lane be also dead, as is averred in the petition. By the last will and testament of John McLean, which was admitted to probate in the Surrogate's Court of Erie county on the 17th day of February, 1885, he gave and devised to his daughter, the said Maria McLean, her heirs and assigns forever, the lands in question, upon this proviso or contingency : "But in case my said daughter Maria McLean should die without issue, then I give and devise to my nephew John Lane, son of my brother Patrick Lane, the above-described premises, to have and to hold the same during his natural life, and after his death to my daughter Bridget McLean, and to her heirs and assigns forever."

The petitioner is the Bridget McLean mentioned in this clause of the will. It is averred in the petition, upon information and belief, that Maria McLean intermarried with one Clark, and that she died more than one year ago without issue, and that the petitioner believes that John Lane is now dead. The respondent Ellen Gage is in possession of the premises, and in her answer she denied that either Maria McLean or John Lane is dead, and averred that both are living. The petition was presented at the Erie county Special Term, and after hearing the parties the court denied the application, without costs, and from that order the petitioner appeals.

*C. A. Cottle*, for the petitioner, appellant.

*Tracy C. Becker*, for the respondent.

BARKER, J. :

The Special Term properly dismissed the petition and the order should be affirmed. We place our concurrence upon the ground that upon the conceded facts no case was made within the statute requiring the respondent Ellen Gage to produce Maria Clark, the alleged life tenant of the premises. Whether or not she was a life tenant depends upon the provisions of the will of John McLean.

The respondent contends that by that will Maria Clark took a fee simple absolute, and that the petitioner Bridget Hyde, named in the will as Bridget McLean, the daughter of the testator, would have no estate in the lands, although Maria Clark be dead and left no issue surviving as she survived the testator. This contention on her part is placed upon the ground that the proviso or contingency expressed in the words, "but in case my said daughter Maria McLean shall die without issue," refers to the time of her death happening in the lifetime of the testator, and as she survived the testator she at once upon his death became the absolute owner.

The petitioner maintains that Maria McLean took only a contingent estate in the fee, which was reduced to a life estate when the contingency named in the will happened, to wit, "her death without issue." In support of her position as to the proper construction to be placed on the will her counsel cites *Buell* v. *Southwick* (70 N. Y., 581); *Nellis* v. *Nellis* (99 id., 505; S. C., 3 Eastern Rep., 423).

It was held that by the respective wills under consideration, in those cases the primary devisee took only a contingent estate in fee, which was liable to be reduced to a life estate in case of devisee's death without children or any descendants of children. The petitioner bases her claim of title and the right to the possession of the premises upon the ground that by the will of John McLean, Maria Clark took only a life estate in case she died without issue.

The statute authorizing summary proceedings for the purpose of ascertaining whether a life tenant is dead or not has no application to a case like the one now presented. The title of the Code regulating the proceedings is entitled "proceedings to discover the death of a tenant for life." The section upon which the petition is based provides "a person entitled to claim real property after the death of another, who has a prior estate therein, may not oftener than once in each calendar year, apply by petition to the Supreme Court * * * for an order directing the production of the tenant for life as prescribed in this title, by a person named in the petition, against whom an action of ejectment to recover the real property can be maintained, if the tenant for life is dead; or, where there is no such person, by the guardian, husband, trustee or other person, who has, or is entitled to, the custody of the person of the tenant for life, or the care of his estate." In case an order is

granted the person to whom it is directed is required, at a time and place therein to be mentioned, before the court or a referee therein designated, to produce the person upon whose life the prior estate depends, or in default thereof, to prove that he is living. (Sec. 2305.)

The form and effect of the final order, if one is granted in support of the proceedings, is found in section 2310, which provides that " if it appears * * * that the person upon whose life the prior estate depends, was not produced; and if the party required to produce him or to prove his existence, has not proved to the satisfaction of the court that he is living, a final order must be made, declaring that he is presumed to be dead, for purpose of the proceedings, and directing that the petitioner be forthwith let into possession of the real property as if that person was actually dead."

This title of the Code is but a reproduction of the Revised Statutes on the same subject, with some added provisions as to the mode and manner of procedure. It is manifest that the statute applies only to a case where the prior estate is held by one who is a life tenant proper in the legal and technical sense of that term.

A tenant for life, of estates, is one to whom lands or tenements are granted or devised, or to which he derives title by operation of law, for the term of his own life or the life of another. This will, in terms, does not give the devisee, Maria McLean, a life estate only ; on the contrary, she is given a contingent fee, as the plaintiff admits, but claims that the contingency has happened by which the fee was reduced to a life estate. The petitioner is necessarily forced to maintain, as her learned counsel has argued before us, that the prior estate devised to Marie McLean, although properly denominated a fee, because it might last forever, was, nevertheless, a base or determinable fee, because it was liable to be defeated by the happening of the contingency upon which it was limited; in other words, that the estate devised to the first taker by the will was a determinable or qualified fee. Therefore, in a strict sense, Maria was never a life tenant of the premises. Assuming that she is now deceased, yet, if at the time of her death she was in possession as owner of the fee, and if she, in fact, left children surviving, then they would take an absolute fee as her heir-at-law by the express terms of the will, and this the petitioner admits.

The only fact which the court has the power to try and determine in these proceedings is whether Maria McLean and John Lane are now dead or living. If it should be found that they are dead, then it does not follow that the respondents should be required to surrender up the possession of the premises to the petitioner, for Maria may have left descendants, who would have a fee in the premises, a fact this court has no jurisdiction to determine in this matter.

We purposely refrain from expressing any opinion as to the proper construction which should be given to the will of John McLean, beyond expressing the opinion that Maria McLean, the first taker, was not a tenant for life of the premises, in the sense in which that term is used in the statute upon which these proceedings are based.

The order should be affirmed, with ten dollars costs and disbursements. (Code, § 2316.)

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

So ordered.