Charles J. Brown, Respondent, *v.* Wilson Gardner et al., Appellants.

**Will — construction of clause by which testator gave his property to his wife for life, and after her death to a grandson, subject to condition that if he should die without issue then property to go to other grandchildren — clause construed to mean that testator had in mind death of such grandson without issue after testator's death and that, therefore, the grandson has only a conditional estate.**

1. It is one of the general principles of the construction of wills that where a will speaks of the death of a devisee without issue it means such death occurring during the life of the testator, but it is a principle which should and does yield even to slight evidence found in terms of the will in order to hold that such death without issue during the life of the testator was not the latter's contemplation, but that he meant the death without issue occurring at any time either before or after his own decease.

2. Testator gave his residuary estate, real and personal, to his wife for life and after her death to a grandson, the plaintiff herein, " to be held by him, his heirs and assigns forever, subject however to the following condition, viz: In case he shall die without issue, then and in that event, all of the estate both real and personal hereinbefore given to him my said grandson * * * shall go and is hereby given and devised to my * * * grandchildren (naming them) share and share alike." Both testator and his wife are dead and said grandson, the plaintiff herein, is married and has two living children born after the death of testator. Plaintiff brings this action

against the other grandchildren named in testator's will, as defendants, to settle the title to the property, claiming that under the will he has become vested with the title in fee simple to the premises in question. *Held*, upon examination of the will, that the death without issue which conditioned plaintiff's estate was a death occurring either before or after the testator's decease; that, in making the provision in question, the testator included a death occurring after his own, and intended that the title vesting in the plaintiff surviving him should be subject to be divested on the subsequent death of the plaintiff without issue, and hence plaintiff has only a conditional estate liable to be terminated by his death without issue and the defendants have a contingent interest which will become an absolute fee upon the happening of the contingency named.

*Brown* v. *Gardner*, 194 App. Div. 942, reversed.

(Argued March 21, 1922; decided April 18, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 15, 1920, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Mortimer L. Sullivan* for appellants. A conditional limitation in behalf of the plaintiff, Charles J. Brown, was created by the will of James Whitney, whereby in the event of the death of Charles J. Brown without issue him surviving, said defendants will become owners of the fee. (*Chapman* v. *Moulton*, 8 App. Div. 64; *Becker* v. *Becker*, 22 App. Div. 234; *Matter of Cramer*, 170 N. Y. 271; *Matter of Denton*, 137 N. Y. 428; *Matter of Baer*, 147 N. Y. 348; *Williams* v. *Jones*, 166 N. Y. 522.)

*Cassius A. Phillips* for respondent. In case of a devise to A, but in case of the death of A without issue then to B, unless a contrary intention is clearly shown by the will it will be held that the words refer to the death of the primary devisee in the lifetime of the testator. (*Moore* v. *Lyons*, 25 Wend. 119; *Livingston* v. *Greene*, 52 N. Y. 118; *Embury* v. *Sheldon*, 68 N. Y. 227; *Quackenbos* v. *Kingsland*, 102 N. Y. 128; *Vanderzee*

v. *Slingerland,* 103 N. Y. 47; *Washbon* v. *Cope,* 144 N. Y. 287; *Nelson* v. *Russell,* 135 N. Y. 137; *Stokes* v. *Weston,* 142 N. Y. 433; *Benson* v. *Corbin,* 145 N. Y. 351; *Matter of Peters,* 69 App. Div. 465; *Smith* v. *Hull,* 97 App. Div. 228.) A careful consideration of the whole will of the testator, James Whitney, leads to the inevitable conclusion that he intended the respondent, or his issue, to take the fee in case he or such issue survived the widow. (*Miller* v. *McBlain,* 98 N. Y. 517.)

HISCOCK, Ch. J. This action was brought for the purpose in effect of settling the title to real estate by having it decided that the plaintiff was the owner in fee thereof and that certain contingent claims made by defendants thereto were without foundation. The decision of the issues presented involves the construction of a will, it being claimed by plaintiff that thereunder he has become vested with the title in fee simple to the premises in question, while the defendants claim that he has only a conditional estate liable to be terminated by his death without issue and that they now have a contingent interest which will become an absolute fee upon the happening of the contingency named. In the final analysis the entire controversy is determined by the answer given to the question whether a clause in a will referring in connection with the devise of said real estate to plaintiff's death without issue, meant such death during the life of the testator or whether it meant such death at any time whether before or after the death of the testator.

The provisions of the will so far as necessary to be stated for the purposes of this discussion directed payment of debts and expenses and made a specific bequest of a bond and mortgage to a daughter for life with remainder to a grandson; gave all the rest, residue and remainder of the testator's estate both real and personal to his wife for life with certain power to sell personal property in

use on the premises in question, which was a farm of considerable size, and then contained the following clause which is the one immediately under consideration:' " *Fifth.* After the death of my said wife and the termination thereby of her life estate in my property, I give, bequeath and devise all of my real and personal property of every name, nature and kind, the use of which has herein before been given to my said wife, to my grandson Charles J. Brown (the plaintiff) who lives with me, to be held by him, his heirs and assigns forever, subject however to the following condition viz: In case he shall die without issue, then and in that event, all of the estate both real and personal hereinbefore given to him my said grandson Charles J. Brown, shall go and is hereby given and devised to * * * my grandchildren (naming them), share and share alike," the latter persons being the defendants in this action.

Outside of the terms of the will the only surrounding facts which appear are those set forth in the complaint without denial and which are that the testator executed this will January 11, 1899, and died January 21 of the same year; that his wife died January 9, 1912, and that plaintiff is married and has two living children born respectively January 23, 1911, and June 29, 1914.

We thus have the question of a familiar class which so often arise to perplex courts in the construction of wills, whether the testator intended that his grandson, the plaintiff, should secure an absolute fee of the real estate in question if he was fortunate enough to survive the testator or whether he intended that even if he did this he and his heirs should still lose the farm in case subsequently he died without leaving any issue. The decisions covering this question are too numerous to be reviewed and even if they were reviewed we should not be able to reconcile them all or avoid the conclusion that rules, and exceptions to and refinements of rules, have at times been adopted on the theory of carrying out

the intention of a testator which undoubtedly have given him credit for intentions which he never entertained. We think, however, that out of this mass of decisions there have been evolved two or three fundamental principles which may be applied to the interpretation of this particular will with the result of giving to it a construction which is plain and obvious enough so that we can fairly believe that it expresses what must have been in the mind of the testator.

In the first place we note as surrounding and introductory circumstances that the testator was at least old enough to be a grandfather of grandchildren who were more than mere children, that he died within ten days after making his will and that his wife died a comparatively short time thereafter, wherefrom there is some inference that the testator was in such condition of age and health that when he spoke of the death of his grandson without issue he would not be apt to think of that death as occurring before his own. Assuming, however, that these inferences are merely suggestive and not decisive, we must look to the face of the will for controlling tests of interpretation.

It is one of the general principles to which we have referred that ordinarily when such a will as this speaks of the death of a devisee without issue it means such death occurring during the life of the testator. (*Matter of N. Y., L. & W. R. Co.,* 105 N. Y. 89.) It has, however, been said that the foregoing interpretation in many cases rests more upon authority than upon logic and common sense and, therefore, the courts have adopted it as a modifying principle of construction that they will not hesitate to yield even to slight evidence found in the terms of the will in order to hold that such death without issue during the life of the testator was not the latter's contemplation but that he meant death without issue occurring at any time either before or after his own decease. (*Vanderzee* v. *Slingerland,* 103 N. Y. 47, 53, 55.)

Applying to the interpretation of the provisions in question the general principles which we have thus summarized and without the invocation of any highly technical and refined rules which might very likely do injustice to the testator's intention, we reach the conclusion that the death without issue which conditioned plaintiff's estate was such a death occurring either before or after the testator's decease. Necessarily and we think fairly enough, the testator personally or through his draftsman must be charged with knowledge of the general principle that a devise to one with a farther devise to others in case of the death of the primary devisee without heirs means without further words a death during the life of the testator. He, however, in this provision, does use further words. He provides that the real estate devised to his grandson is " to be held by him, his heirs and assigns forever, subject however to the following condition, viz: In case he shall die without issue then and in that event " all of the estate shall go to others. Charging the testator with that knowledge of the general principle to which we have just adverted we must conclude either that he used these extra and rather significant words superfluously and without any purpose or that he used them with the intent of giving to his will another meaning than that which it would have had without their use. We do not think that he is to be subjected to the former imputation. While his will was not drawn so accurately as to avoid the question and uncertainty which we are discussing, it nevertheless was not a bungle or without signs of intelligence and care which would have prevented the use of redundant and idle words. But farther than this the words themselves to which we have referred fundamentally and plainly seem not only to have a real purpose, but one which is irreconcilable with the thought that they referred only to a death during the life of the testator. The provision gives the real estate " to be held * * * subject, however, to

the following condition." That contemplates that there shall be something which shall be " subject " to a condition and upon which the latter may operate. These words would be unnecessary if the testator was thinking of a death of the devisee before his own decease and before the estate had ever vested; they would be inappropriate in respect of such a situation. On the other hand they are entirely appropriate in reference to and as a provision for a situation where the estate had vested because the devisee survived the testator, but thereafter died without issue. In that case the estate which thus vested would be held " subject " to the condition, there would be something to which the latter would attach and the language employed would be justified by a useful purpose and a natural meaning. Therefore, it seems to be the correct appraisement and interpretation of the provision in question that the testator had in mind a death occurring after his own, and intended that the title vesting in the grandson surviving him should be conditional and the estate be subject to be divested on the subsequent death of the former thereafter without issue.

We think that this view is directly or indirectly sustained by, amongst others, the following authorities: *Vanderzee* v. *Slingerland* (*supra*); *Nellis* v. *Nellis* (99 N. Y. 505); *Buel* v. *Southwick* (70 N. Y. 581); *Chapman* v. *Moulton* (8 App. Div. 64).

The fact that this provision disposes of personal as well as of real estate and that a conditional ownership of the former may be attended with embarrassment, as suggested by respondent, does not seem to have been regarded as an influential feature in other cases where this question has arisen. (*Vanderzee* v. *Slingerland, supra; Avery* v. *Everett,* 110 N. Y. 317.)

Therefore, we hold that the construction which has been placed upon this will thus far is erroneous, that the judgments should be reversed and judgment directed

providing in effect that the plaintiff has a conditional estate in the property in question liable to be divested by his death without issue, and that the defendants have a contingent interest in such property, which will become vested if and when the plaintiff dies without issue, with costs to appellants in all courts.

HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment acccordingly.