(8 App. Div. 64)

### CHAPMAN v. HALL et al.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

WILLS—CONSTRUCTION—DEATH OF LIFE TENANT WITHOUT ISSUE.

Testator devised a farm to his son G., "subject to the provisions herein contained, * * * but, in case of the death of my son G. without leaving lawful issue him surviving, then my said farm to go to my grandchildren" (naming them). *Held*, that the contingency on which the farm would go to the grandchildren was G.'s surviving testator, and afterwards dying without issue.

Appeal from judgment on report of referee.

Action by William H. Chapman against George W. Hall and others to foreclose a mortgage. There was judgment in favor of plaintiff, and defendants George W. Hall and Mary J. Hall appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John W. Church, for appellants.
Howard D. Newton, for respondents.

PUTNAM, J. This action was brought to foreclose a mortgage given by Charles M. Hall, deceased, and his wife, to the plaintiff. Under the judgment therein the mortgaged premises were sold, and the surplus moneys arising from such sale were deposited with the treasurer of the county of Chenango. The action was commenced and sale had after the death of the mortgagor Charles M. Hall, and the appellants George W. Hall and Mary J. Hall, his wife, claim to be entitled to the whole of said surplus under and by virtue of the provisions of the second subdivision of the will of said deceased mortgagor, in which he disposed of the mortgaged premises as follows, viz.:

"I give, devise, and bequeath to my son George W. Hall, subject to the provisions contained herein, my farm heretofore occupied by him, situate in the town of North Norwich, and consisting of about 180 acres of land, with the appurtenances; but, in case of the death of my son George without leaving lawful issue him surviving, then my said farm to go to my grandchildren, who are the children of my deceased son Henry C. Hall, namely, Mary E. Hall, Charles Hall, and Henry C. Hall, share and share alike therein."

The referee appointed by the court to pass the question of the disposition of said surplus determined:

"That defendant George W. Hall, under and pursuant to the second subdivision of the said will of Charles M. Hall, was entitled to a conditional estate in fee in the said farm or premises sold as aforesaid, subject to be reduced to a life estate by his death without leaving lawful issue him surviving; that the defendants Mary E. Hall, Charles F. Hall, and Henry C. Hall, each had a vested contingent remainder in said premises, in and by said second clause of said will, which interest would cease to be contingent, and become an ownership in fee simple, in the event of the death of said George W. Hall without leaving lawful issue him surviving."

The final order or judgment was entered in pursuance of said finding.

The rule, to which our attention is called by the learned counsel for the appellant, that where there is a devise to one and a bequest over to a third person, dependent, not upon the event of death simply, but upon death without issue, the death referred to is one occurring in the lifetime of the testator, is well settled. Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Quackenboss v. Kingsland, 102 N. Y. 129, 6 N. E. 121; Livingston v. Greene, 52 N. Y. 118; In re Tienkin, 131 N. Y. 391, 30 N. E. 109; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11. But it is also held that the rule above referred to applies only where the context of the will contains nothing to show a contrary intention on the part of the testator. Where it appears, from the language and provisions of the instrument, that the testator referred to a death either before or after his own, his intention will prevail. Mead v. Maben, 131 N. Y. 255, 30 N. E. 98; Vanderzee v. Slingerland, 103 N. Y. 47, 8 N. E. 247; Avery v. Everett, 110 N. Y. 317, 18 N. E. 148; In re New York, L. & W. Ry. Co., 105 N. Y. 89, 11 N. E. 492. And it is held that such intention may be inferred from slight circumstances. Washbon v. Cope, 144 N. Y. 297, 39 N. E. 388.

Thus in Re New York, L. & W. Ry. Co., supra, the will there under consideration provided as follows:

"I give, devise, and bequeath to my beloved daughter, Minnie Wisner, all my real and personal property of every name and nature, subject, however, to the payment of the following sums of money: * * * I direct that, in case my daughter, Minnie, should die without issue, my real and personal property should be possessed and enjoyed by my husband, Reuben P. Wisner, and my sister, Delia Fisk, during their natural lives, and after their death the said real and personal property to be divided equally between my brothers. * * * The devise over to my husband, sisters, and brothers to depend upon the contingency of my daughter, Minnie, dying without issue."

It was held that Minnie took, under the will, a fee defeasible by her dying without leaving issue.

In Avery v. Everett, supra, the will passed upon provided as follows:

"I also give, devise, and bequeath to my beloved wife, Eliza Ann, all my real estate as long as she shall remain unmarried and my widow, but on her decease or marriage, then what may remain of my said real or personal property I give and devise to my son, Charles H. In case my son, Charles H., should die without children, then, after my wife Eliza Ann's death, and my son Charles H.'s death, my will is all the property, real or personal, that may remain, shall go to Augustus Southwick, of Pennsylvania, my brother Nathan's son."

It was held that Charles H. took a vested remainder in fee, subject to be defeated by his death without children.

In Vanderzee v. Slingerland, supra, the testator in the second clause of the will there under consideration devised his real estate to his son, "subject to the proviso hereinafter contained." Andrews, J., in delivering the opinion of the court, remarked:

"Reading this clause by itself, we would naturally expect to find, in a subsequent part of the will, some condition modifying in some contingency the estate given to Cornelius; and, while the condition might, consistently with the language of the second clause, be either precedent or subsequent, the more natural meaning suggested by the words 'subject to the proviso hereinafter mentioned' would be that the testator intended to subject the estate in the hands or possession of Cornelius, when he should take it under the will, to some condition. Looking, then, at the tenth clause, we find a condition, or proviso, which is that, on the death of Cornelius without issue, the estate should go over to the grandchildren. This provision in the tenth clause, standing alone, would, according to the general rule of construction, be construed as referring to the death of Cornelius, without issue, during the testator's life. But, construed in connection with the natural meaning of the second clause, there is color for a conclusion that it referred to a death either before or after the testator's."

The authorities last above referred to, and others that might be cited, serve to show that, although it is, ordinarily, a rule of construction that, where there is a devise to one, and in case of his death without issue to another, the death referred to is one occurring within the lifetime of the testator, courts will lay hold of slight circumstances or expressions in a will to vary this rule, and to give effect to the intention of the testator. If, in the clause of the will of the deceased mortgagor above quoted, the words "subject to the provisions contained herein" had been omitted, the death of his son therein referred to would have been construed to mean a death in the lifetime of the deceased. But I think those words indicate that the testator referred to the contingency of his son's surviving him and afterwards dying without issue. He bequeathed to George W. Hall his farm, "subject to the provisions contained herein." Those provisions were that, if the said George should die without issue, the estate should go to the testator's grandchildren. We are not authorized to suppose that the deceased used the words "subject to the provisions contained herein" without any object or meaning; yet, if the construction placed upon the will by the appellants is a correct one, those words are surplusage, and have no force or effect. Had they been omitted, the death thereafter referred to would, under the authorities, have been deemed to mean a death in the lifetime of the testator; but, as they were used, we must conclude that the testator had some purpose and meaning in devising the farm to his son subject to the provisions afterwards set out, and that he had in view the vesting of the estate in his son after such vesting. As said by Andrews, J., in Vanderzee v. Slingerland, supra, in reference to a similar clause in the will in that case under consideration, the more natural meaning suggested by the said words is that the testator intended to subject the estate in the hands or possession of his son, when he should take it under the will, to such provisions. If the son

should die in the lifetime of the testator, the devise would not take effect, the estate would not vest, and it could not then be subject to the provision contained in the clause of the will in question. The testator gave to his son the farm, subject to the condition that, if he died without issue, the estate should go to certain grandchildren. The language of the will, I think, shows that the testator had in mind the vesting of the estate in his son, and his subsequent death without issue. He intended this condition to apply, not to a devise that should never take effect in consequence of the death of his son in his own lifetime, but to one under which the estate should vest in the son by his survival of the testator.

I conclude, therefore, that the case was properly disposed of below, and that the judgment should be affirmed, with costs payable out of appellants' share of the fund. All concur.