CHARLES C. BECKER, Appellant, *v.* ELIZABETH BECKER, Respondent, Impleaded with Others.

*Will — when a death on which an estate is limited refers to a death either before or after that of the testator.*

A testator, by his will, after devising his homestead farm to his son, George E. Becker, added the words " also providing that if my said son, George E., shall die, leaving issue him surviving," and by the same clause provided that, if George E. should die without issue, the farm should go to the testator's other children, and their heirs, except the share of one daughter (who had had a litigation with her father), which share was devised to her children. By a subsequent clause he gave to this daughter a sum of money, but directed that from it should be deducted the cost to the testator of the above-mentioned litigation, with interest — an amount which was equivalent to the legacy.

*Held,* that the words " also providing that if my said son, George E., shall die, leaving issue him surviving," while not divesting the estate in fee already granted, were to be deemed words of limitation, which passed the fee to the son, only in case he left lawful issue;

That this construction was sustained by the fact that it was the evident intention of the testator to deprive the daughter of any share in his estate, and that in case the son took a fee simple, the daughter would, upon his death, without issue and intestate, become entitled to a share in her father's estate.

APPEAL by the plaintiff, Charles C. Becker, from so much of an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Columbia on the 15th day of July, 1897, upon the decision of the court rendered after a trial at the

Greene Special Term, as adjudges that the defendant Elizabeth Becker is entitled to a right of dower in the real estate described in the amended complaint herein.

Henry C. Becker, of Columbia county, N. Y., died on or about the 14th day of August, 1881, being, at the time of his death, the owner in fee simple of the real estate described in the amended complaint in this action. He left a last will and testament, the 2d clause of which reads as follows:

"*Second.* I give, devise and bequeath to my son, George E. Becker, my homestead farm, known as such, whereon I now reside, situate in the Town of Livingston, Columbia County, New York, containing one hundred and fifteen acres of land, more or less, together with the tenements and hereditaments thereto belonging. To have and to hold the same to him, his heirs and assigns forever, subject, however, to the payment of the sum of four thousand dollars, which is hereby made a lien and charge upon said premises hereby devised; also providing that if my said son George E. shall die leaving lawful issue him surviving. But in case my said son George E. shall die without leaving lawful issue, child or children, then, and in that case, I give, devise and bequeath my said Homestead farm to all my other children, or their heirs, share and share alike, except my daughter Mary Ann Rivers, whose share I hereby give and devise to her lawful issue, child or children, to be divided equally between them, share and share alike, or to their lawful issue, if any, when they shall severally and respectively arrive at the age of twenty-one years."

By the 3d, 4th, 5th and 6th clauses of his will he made various devises and bequests to his children and grandchildren. In the 4th clause he bequeathed to his daughter Mary Ann Rivers the sum of $2,000, but charged and directed that there should be deducted from the said legacy of $2,000 "the sum of seventeen hundred dollars, together with the interest thereon from February first, eighteen hundred and seventy-one, being the amount she caused me to pay in suit at law in the Supreme Court of the State of New York, commenced by her against me, which said suit was and is considered by me as unjust and vexatious, and by reason thereof, and for the purpose of peace and annoyance,* I was compelled to and did pay said sum of seventeen hundred dollars."

---

*Sic.*

The 7th clause of his will reads in part as follows : " All the rest, residue and remainder of my said estate, both real and personal, I give, devise and bequeath unto all my children, 'except my daughter Mary Ann Rivers,' whose share I give and bequeath to her child or children or their lawful issue, to be divided equally between them, share and share alike."

By a codicil to his will, wherein he recites the fact of his making such will, he uses the following language : " In and by which I did in second clause thereof give and bequeath to my son George E. Becker, my homestead farm, known as such, and on which I now reside," etc., and then reduces the charge of $4,000 upon said farm to the sum of $3,000. The will was executed on the 27th day of November, 1880, and the codicil on the 11th day of May, 1881.

George E. Becker died intestate on the 31st day of January, 1897, leaving no child or children, or the descendant of any child him surviving, but leaving a widow, the defendant Elizabeth Becker, one of the defendants herein.

On or about the 1st of February, 1897, the plaintiff commenced this action for a partition of the real estate in question, making the brothers and sisters, and the children of deceased brothers and sisters of George E. Becker, and his widow, Elizabeth Becker, parties defendants.

The trial court found that, at the time of his death, George E. Becker was the owner in fee simple of the real estate and premises described in the pleadings herein, and that the defendant Elizabeth Becker, as the widow of George E. Becker, is entitled to dower in such premises ; it also found that Mary Ann Rivers was the owner of and entitled to an undivided one-sixth part of said premises, and judgment was entered pursuant to such findings. The plaintiff appealed from the judgment to this court.

*A. V. S. Cochrane,* for the appellant.

*Chancellor Hawver* and *A. Frank B. Chace,* for the respondent.

HERRICK, J. :

The question to be determined by us upon this appeal is, whether, under the will of his father, George E. Becker took an estate in fee simple in the real estate in question. The general rule is,

" Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, followed by a devise over in case of his death without issue,   *   *   * that the words refer to a death without issue in the lifetime of the testator, and that the primary devisee surviving the testator takes an absolute estate in fee simple." ( *Vanderzee* v. *Slingerland,* 103 N. Y. 55; *Washbon* v. *Cope,* 144 id. 287; *Stokes* v. *Weston,* 142 id. 433; *Benson* v. *Corbin,* 145 id. 351; *Matter of Baer,* 147 id. 348.)

But while that is the well-settled general rule, it is like all other general rules subject to limitations, qualifications and exceptions.

It has been said that, " The rule is an arbitrary one, and has often been said to rest more upon precedent than upon reason, and in *Vanderzee* v. *Slingerland* Judge ANDREWS said that ' the tendency is to lay hold of slight circumstances in the will to vary the construction and give effect to the language according to its natural import.' " ( *Fowler* v. *Ingersoll,* 127 N. Y. 472, 479 ; *Chapman* v. *Moulton,* 8 App. Div. 64, 66.)

And in *Benson* v. *Corbin* (145 N. Y. 359) Judge FINCH remarked : " While such is the general rule, it is said to maintain its hold somewhat weakly and with a doubtful grasp, and to yield easily to any fact or circumstance indicating a different intention."

And in *The Matter of Denton* (137 N. Y. 428, 433) it was said : " But this rule has only a limited operation, and cannot be extended to a case where a point of time is mentioned other than the death of the testator, to which the contingency can be referred, or to a case where a life estate intervenes, *or where the context of the will contains language evincing a contrary intent.*" (Approved in *The Matter of Baer,* 147 N. Y. 354.)

I think it may also be stated that the rule referred to cannot be maintained to defeat the evident intent of the testator.

" In all the authorities which are referred to upon the subject of the application of the general rule above referred to, the courts, as indeed does Mr. Jarman, upon the authority of whom the courts have more or less relied, assume that the context of the will is silent, and that the instrument contains nothing indicating an intention which interferes with the application of this rule. ( *Vanderzee* v. *Slingerland,* 103 N. Y. 47.)"

" The rule must yield if, upon consulting the other provisions of

a will, we can find a warrant for importing into the language used by the testator the natural and an ordinary significance." (*Mead* v. *Maben*, 131 N. Y. 255, 259.)

Let us examine the provisions of the will. If we consider the 2d clause of the will, separate and apart from the rest of the will, and leave out of it the words "also providing that if my son George E. shall die leaving lawful issue him surviving," I think there can be no doubt but that it comes squarely within the rule referred to, and vested in George E. Becker an estate in fee simple.

But it seems to me that the words "also providing that if my son," etc., were not words divesting the devisee of the estate previously granted to him, but were words of limitation upon the language previously used in such clause of the will, the effect of which was to pass the fee only in the event of the devisee leaving lawful issue.

But let us proceed further. The chief rule in interpreting a will is to give it the meaning and effect intended by the testator. And wherever that intent can be gathered from the language of the will it must prevail. And in ascertaining that intent the whole will must be considered and the different parts and clauses read in connection with each other.

Considering the will as a whole, it seems plain to me that the testator intended to leave his homestead, being the real estate in question, to George E. Becker and his children; that if George had no child or children, then he intended such real estate, after George's death, to be divided equally among all his children, except Mary Ann Rivers; that in consequence of a lawsuit by Mary Ann Rivers against the testator, it was his intention to exclude her from all share or interest in his estate. This is apparent because, by the 2d clause of his will, he devises the homestead farm, in the event of George E. dying without issue, to all his other children except Mary Ann Rivers, and provides that what would otherwise be her share shall go to her children upon their becoming twenty-one years of age.

By the 4th clause of his will he leaves her a legacy of $2,000, but provides that the sum of $1,700, with interest from February 1, 1871, be deducted therefrom, the will being made in November, 1880, and it is obvious that the interest from February 1, 1871, to

the time of making the will, and the principal sum, would amount to more than the total amount of the legacy. Again, in the residuary devise contained in the 7th clause of the will, he provides for the division of all the rest and residue of his estate, both real and personal, among all his children, except Mary Ann Rivers, and directs that her share shall go to her children upon their arriving at the age of twenty-one years.

These things show a fixed determination to exclude Mary Ann Rivers from any share whatsoever in his estate.

The construction contended for by the appellant, and the enforcement of the general rule first above discussed by me, necessarily results in defeating that intention of the testator, because, if we hold that George E. Becker took an estate in fee simple, then he, having died without any issue, Mary Ann Rivers became one of his heirs, and, as such, entitled to a share in the real estate in question; and such was the holding of the trial court.

In *Benson* v. *Corbin* (145 N. Y. 359) Judge FINCH said : " I deem it a weighty consideration that a construction which follows the general rule making the death without issue relate to a death in the testator's lifetime, harmonizes every word and every expression in the will and renders them all consistent and operative, while the rival construction raises an inconsistency at once, only to be remedied by lessening, to a practical life estate, what naturally stands as a fee, or by discarding the inconsistent limitation as repugnant to the estate devised."

Of course, if it was a weighty consideration which moved the court to follow the general rule that, by so following it, every word and expression in the will was harmonized, it should also have great weight with us, if, by refusing to follow the general rule, we are enabled to harmonize the different parts of the will, and carry into effect each and every intention of the testator.

By construing the language used in the will here to mean the death of George E. Becker at any time, either before or after the death of the testator, we give full force and effect to such testator's intention, that is, it gives to George E. Becker the estate during his life, and it excludes Mary Ann Rivers from any participation in it, and it causes a division of the estate among the other children and grandchildren of the testator, to whom in express terms he granted

it in the event of his son George dying without children; and, therefore, it seems to me that the trial court erred in holding that George E. Becker took an estate in fee simple, and also in holding that the respondent Elizabeth Becker was entitled to dower therein, as his widow, and in holding that the defendant Mary Ann Rivers was entitled to an undivided one-sixth part in such premises.

The judgment, therefore, should be reversed, and a new trial granted.

All concurred.

Judgment reversed, and a new trial granted, costs to abide the event.