ALVAH FOWLER et al., Respondents, *v.* ADA INGERSOLL et al., Appellants.

The rule that where a will contains a devise or bequest *simpliciter* to one person, and, in case of his death, to another, the contingency referred to is a death in the life-time of the testator, is not applicable when the first devisee or legatee simply takes a life estate; it applies only when the prior gift is absolute and unrestricted.

The will of ·M. gave to her husband the use of her whole estate during life, subject to the payment of certain legacies and to annuities to three cousins of the testatrix. In case of the death of either cousin, the annuity of that one was to go to the survivors. In case of the death of

the husband before the testatrix, the will provided, as to certain speci-
fied real estate, as follows: That A., one of the cousins and an executrix,
should have the sole supervision and management thereof, she to receive
one-tenth of the net income for her services, and one-fourth of the resi-
due in lieu of commissions; three-eighths of the remainder was directed
to be paid to each of the other cousins; in case of the death of either,
the share of that one to be paid to the survivors. Upon the death of
the cousins, the will provided that one-third of said real estate should
go to the children of each of her cousins; in case of the death of either
without children, the share of that one to go to the children of the sur-
vivors. The executors were empowered to sell said real estate during
the existence of the life estate, provided the Supreme Court on petition
should permit and direct it, the proceeds of sale to be invested, and the
income and principal to be disposed of in the same manner as before
provided as to the land. The testatrix survived her husband. In an
action of ejectment wherein defendants claimed to hold under the will,
*held*, that its effect was to vest title in A., in trust, said trust to continue
during the lives of the three cousins; and so, that the provision was void,
as it suspended the power of alienation and the absolute ownership of
the proceeds of a sale for more than two lives in being at the death of
the testatrix; and that, upon the death of M., the title to the land
vested in her father, who was her only heir at law.

(Argued June 11, 1891; decided October 6, 1891.)

Appeal from order of the General Term of the Supreme
Court in the first judicial department, made November 23,
1888, which reversed a judgment in favor of plaintiffs, entered
upon the decision of the court on trial without a jury, and
ordered a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*C. E. Rushmore* for appellants. The provisions of the will
of Mrs. Henry does not suspend the absolute ownership of
her real estate in New York city for more than two lives in
being. (*Savage* v. *Burnham*, 17 N. Y. 561 ; *Post* v. *Hover*,
33 id. 593 ; *Quackenboss* v. *Kingsland*, 102 id. 128 ; *Embury*
v. *Sheldon*, 68 id. 228 ; *Campbell* v. *Rawdon*, 18 id. 412;
*Bingham* v. *Jones*, 25 Hun, 7 ; *Cromwell* v. *Cromwell*, 2
Edw. Ch. 495 ; *Purdy* v. *Hoyt*, 92 N. Y. 450.)

*Isaac N. Miller* for respondents. The will of Mary E. Henry unlawfully suspends the power of alienation. (3 Jarman on Wills, 56, 614; 3 Washb. on Real Prop. 450; *Embury* v. *Sheldon,* 68 N. Y. 228; *Monarque* v. *Monarque,* 80 id. 324; *Wells* v. *Wells,* 88 id. 333; *Surdan* v. *Cornell,* 116 id. 305; *Vanderzee* v. *Slingerland,* 103 id. 55; *In re N. Y., L. E. & W. R. R. Co.,* 105 id. 89; *Quackenboss* v. *Kingsland,* 102 id. 128; *Nellis* v. *Nellis,* 99 id. 505; *Buel* v. *Southwick,* 70 id. 581; *Hayes* v. *Sherman,* 117 id. 433; *Ward* v. *Ward,* 105 id. 75; *Schettler* v. *Smith,* 41 id. 328; *Amory* v. *Lord,* 5 Seld. 415; *Hawley* v. *James,* 16 Wend. 120; 2 Jarman on Wills, 99.) The fee could not vest during the continuance of the trust as the legal title was to remain in the trustee while any of the three cousins survived. It was a trust for more than two lives and was void. (*Greenland* v. *Waddell,* 116 N. Y. 234; *Knox* v. *Jones,* 47 id. 389; *Amory* v. *Lord,* 5 Seld. 404; *Carlton* v. *Fox,* 67 N. Y. 348; *Caswell* v. *Hazard,* 121 id. 484; *Cobb* v. *Hatfield,* 46 id. 533.)

BROWN, J. This action was in ejectment for the possession of two lots of land on Twentieth street in New York city.

The complaint alleged that John B. Fowler died December 5, 1885, seized of the premises in question, which allegation was denied by the answer.

It appeared that prior to November 24, 1883, Mr. Fowler owned and occupied said premises, and upon that day by a sufficient deed conveyed the same to his only daughter, Mary E. Henry.

Mrs. Henry died prior to the death of her father, leaving no husband or children surviving her, and leaving a will which was duly admitted to probate May 2, 1885.

John B. Fowler died December 5, 1885, leaving the plaintiffs as his heirs at law.

Mrs. Henry's will contained the following provisions:

" Third. I hereby direct my executor to keep my real estate in West Twentieth street, conveyed to me by my father John B. Fowler, * * * in good order, repair and condition and

to that end   *   *   *   I direct that the sum of four hundred dollars a year be set aside and kept and expended for such purpose."

" Fourth. After making the reservation for the repairs provided for in the last preceding clause, and after paying all the taxes, assessments, water-rates and insurance on said real estate and out of the remaining net proceeds my executor shall pay one hundred dollars a year to my cousin Mary Ingersoll for and during her natural life, also fifty dollars a year to each of my cousins, Ada Ingersoll and Grace E. Ingersoll, during their natural lives, etc., etc."

" Ninth.   *   *   *   The remainder of my property " (and this included the property in question), " I will and devise, as is hereinafter mentioned and provided, and I then appoint (my husband being dead), Ada Ingersoll and Mary Ingersoll executrices of this my last will and testament, and after provision shall be made for the payment of taxes, assessments and repairs, as provided for in the preceding clauses of this will, then said net income from said New York city property shall be disposed of as follows : Ten per cent of the amount of rents collected shall be paid to Ada Ingersoll as and for her trouble and commissions for collecting said rents.   The said Ada Ingersoll is to have the sole supervision of collecting the rents and of the care and management of the property, and said Ada shall be entitled to use one-fourth of the remainder of the net rents received, which shall be in lieu of all commissions as executrix of this will.   Three-eights of the remainder of said net rents shall be paid to Mary Ingersoll, which shall also be in lieu of any commission that she might be entitled to as executrix of this will, and the remaining three-eighths of said net rents shall be paid over to Grace E. Ingersoll."

" Tenth. In case either of said cousins shall die, the share of the rents of such one or more dying shall be paid over to the survivors for life."

" Eleventh. Upon the death of said cousins one-third of my real estate shall go to the children of Mary Ingersoll, one-third to the children of Ada Ingersoll, and the remaining one-

third to the children of Grace E. Ingersoll, and should either of said cousins die without children, then the share of such cousin dying shall go to the children of the survivor."

By other provisions of the will the executrices were empowered and authorized to sell said real estate during the existence of the life estate, provided the Supreme Court upon petition made to it should permit and direct such sale to be made and in the event of a sale the proceeds thereof were directed to be invested and the income disposed of in the same manner as was directed as to the rents, and the principal in the same manner as was directed as to the land.

The plaintiffs contend that the effect of the provisions of the will just quoted was to suspend the power of alienation of the land and the absolute ownership of the proceeds of a sale thereof for more than two lives in being at the death of the testatrix and that consequently such provisions were void and that upon the death of Mrs. Henry the title to the land in question vested in her father John B. Fowler as her only heir at law, and upon his death passed to the plaintiffs as his heirs at law, and the determination of this appeal rests upon the solution of the question thus presented.

The effect of the provisions of the will quoted was to vest the legal estate in Ada Ingersoll in trust, first to set aside four hundred dollars annually for repairs upon the property; second, to pay taxes, assessments, water-rates and insurance; third, after deducting ten per cent of the amount of rents collected as commission, to divide the balance as follows: one-fourth to Ada, and three-eighths to Mary and Grace respectively.

The trust thus created was to continue during the life-time of the three cousins, and upon the death of either the share of the rents of the one so dying was to be paid over to the survivors, and the estate was not to vest in the children of the testatrix's cousins until the death of the last survivor.

That this was the intention of the testatrix is clear from the difference between the share of the income given the parent and the share of the principal given her children.

Ada's share would always be less and the share of Grace and

Mary more than one-third, so that if Ada died first leaving children these children could not take one-third of the real estate under the eleventh clause as Grace and Mary would have vested life estates in six-eighths of the land.

This difference in interest though slight would prevent the vesting in possession of any of the remainders, as the trust would still be active as to the whole estate during the life-time of any of the cousins. The trust thus created rendered the division of the property impossible during the life-time of any of the three *cestui que trust.* It could not terminate, therefore, within the period of two designated lives after the death of the testatrix, and was void.

The power of sale given to the executrices could only be exercised by permission of the Supreme Court. Such permission might not be given and unless it was the power of alienation was suspended until the estate vested in possession in the children of the cousins. To render future estates valid they must be so limited that the prior estate will absolutely terminate within the period prescribed by the statute, otherwise they are void. (*Schettler* v. *Smith,* 41 N. Y. 328; *Knox* v. *Jones,* 47 id. 389.) .

The appellants claim, however, that the contingency provided for in the tenth clause refers to a death during the life of the testatrix, and having thus eliminated the tenth clause of the will, contends that there is, under the ninth clause, a separate trust created for each cousin, and that the words "upon the death of said cousins" in the eleventh clause should be construed to mean "upon the death of each cousin," and that under this construction one-third of the property would upon the death of any of the cousins vest either in the children of the one dying if she should leave any or in the children of the survivor, or if none such then in the heirs at law of the testatrix.

The rule is well settled by authority and precedent that when there is a devise or bequest *simpliciter* to one person and in case of his death to another, the contingency referred to is a death in the life-time of the testator.

So when there is a devise to A., and in càse of his death without issue or without children then to B. the weight of authority is that the words refer to a death without issue in the life-time of the testator, and that the primary devisee surviving the testator takes an absolute estate in fee simple.

The words of contingency are substitutionary merely, and are intended to prevent a lapse in case the first devisee is not living at the death of the testator and do not create an executory devise or a remainder over upon the death at any time of the first taker.

But this rule has no application when the first devisee or legatee takes a life estate and is applied only when the prior gift is absolute and unrestricted.

The reason assigned for the rule is that as death is the certain event and time only is contingent, the words of contingency can only be satisfied by referring them to a death before some particular period, and none being mentioned, the time referred to must be presumed to be the testator's own death. (*Matter N. Y., L. & W. R. R. Co.*, 105 N. Y. 89; *Vanderzee* v. *Slingerland*, 103 id. 47.)

But this reason fails in the case of a life estate as in such case the presumption would be that the words of contingency referred to the event which would determine the life estate. The rule is so stated in Jarman on Wills, vol. 2, p. 759 (5th ed.).

And many cases could be cited where the courts, having construed the prior estate to be less than an absolute fee, have held that the words of contingency referred to a death whenever it may happen. (*Matter of N. Y., L. E. & W. R. R. Co.*, *supra*; *Buel* v. *Southwick*, 70 N. Y. 581; *Nellis* v. *Nellis*, 99 id. 505.)

Moreover the construction contended for by the appellants is only given to the words when the context of the will affords no indication of an intent on the part of the testator other than that indicated by the words of absolute gift followed by a gift over in case of the death of the first named devisee. (*Vanderzee* v. *Slingerland*, *supra*; *Matter of N. Y., L. E.*

*& W. R. R. Co., supra; Nellis* v. *Nellis, supra; O'Mahoney*
v. *Burdett,* L. R. [7 Eng. & Ir. App.] 388.)

The rule is an arbitrary one and has often been said to rest
more upon precedent than upon reason, and in *Vanderzee* v.
*Slingerland,* Judge ANDREWS said that "the tendency is to
lay hold of slight circumstances in the will to vary the con-
struction and give effect to the language according to its
natural import."

We find ample evidence in the will before us that the testa-
trix intended by the tenth clause to refer to a death whenever
it occurred, and not to a death before her own.

The scheme of the will was to give to the testratrix's hus-
band the use during his life of the whole estate, subject to the
payment of several small legacies and annuities to her cousins
and upon the husband's death the principal of the estate was
to go to such persons as he should appoint.

The ninth, tenth, and eleventh clauses were to become
operative only in case she survived her husband.

By the fifth clause it was provided that in case of the death
·of any of the cousins the annuity provided for such one should
go to the survivor.

But for this clause it would have gone to the husband, and
the contingency here provided for was a death either before or
after the testatrix. · The annuity to each cousin was small. It
was to begin at the death of the testatrix and its gift preceded
the gift to the husband, which was of "all the rest, residue
and remainder of the income."

The tenth clause is substantially identical with the fifth.

It must be presumed that the testatrix intended to refer in
each of these provisions to the same event. It shows, we think,
that a joint estate was intended, and by the eleventh clause
the children of the cousins, or of the survivor of them, was to
take the estate after all the cousins were dead.

But the fact already adverted to of the difference between
one-third of the estate and the share produced by the income
to which each cousin is entitled is an unanswerable objection
to the appellants' contention, as it would be impossible for one-

third of the estate to vest in possession upon Ada's death, assuming her to die first.

We are of the opinion that the trust created was to continue during the life of the three cousins, and that such cousins had a joint estate in the income, the last survivor taking the whole.

There was, therefore, an unlawful suspension of the power of alienation, and the trust estate was void.

The order appealed from should be affirmed and judgment absolute rendered against the appellants, with costs.

All concur.

Order affirmed and judgment accordingly.