CHARLES E. STOKES, Respondent, *v.* HENRY WESTON and PORTER WESTON, Appellants, Impleaded, etc.

*Devise over, in case of the death of a prior devisee without issue — time of happening of the contingency, with reference to the testator's death.*

The rule that where there is a devise to one person absolutely, and in case of his death to another, the words of contingency refer to a death in the lifetime of the testator, has no application when a prior devisee takes a life estate; and where there are words in the context indicating an intention on the part of the testator that the death of the devisee should refer to some other time than that of the testator's death, effect must be given to such intention.

A will, after devising the use of all the testator's property to his wife for her life, continued as follows: "I give, bequeath and devise to my children Alfred Stokes, Charles E. Stokes and Clara McGee the rest, residue and remainder of my property in equal proportions; but in case of the death of my sons Alfred and Charles E., or either of them, without issue living at the time of his decease, then the share of the one so dying without issue shall be divided equally between

my grandchildren Henry Weston and Porter Weston." The sons Alfred and Charles E, survived the testator.

*Held*, that the devise over to the grandchildren was contingent upon the death of the sons Alfred and Charles E., or either of them, without issue, at any time, and that the contingency was not limited to a death before the death of the testator.

APPEAL by the defendants, Henry Weston and Porter Weston, by their guardian *ad litem*, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of Cayuga county on the 16th day of March, 1893, upon a decision of the court rendered after a trial at the Cayuga Special Term.

*Coburn & Hunter*, for the appellants.

*Teller & Hunt*, for the respondent.

HAIGHT, J.:

This action was brought to partition real estate. The only question presented upon this appeal is as to the proper construction of the will of Samuel Stokes.

Samuel Stokes died on the 24th day of October, 1889, possessed of real and personal estate. He left him surviving his widow, Eliza Stokes, the plaintiff, Alfred Stokes and Clara McGee, his children, and Henry Weston and Porter Weston, his grandchildren, and the children of Clara McGee. He left a last will and testament which has been duly proved and admitted to probate, in which he first devised and bequeathed to his wife Eliza the use of all of his property for and during the term of her natural life. Second: "I give, bequeath and devise to my children Alfred Stokes, Charles E. Stokes and Clara McGee, the rest, residue and remainder of my property in equal proportions; but in case of the death of my sons Alfred and Charles E. or either of them, without issue living at the time of his decease, then the share of the one so dying without issue shall be divided equally between my grandchildren Henry Weston and Porter Weston." The trial court has construed this provision of the will to the effect that the death of the sons without issue meant their death during the life of the testator, and that inasmuch as they had both survived him they each became vested with one-third of the estate, subject only to the life estate of their mother. The court, in its opinion, states that "there is nothing

ambiguous about this clause, its meaning and the intention of the testator are clearly expressed, and such intention to my mind was that his two sons should take an equal one-third share of his estate absolutely, provided they did leave issue, but in the contingency that either should die without issue living at the time of his death, whether that contingency arose before or after the death of the testator, then his share should go to the grandchildren, and the embarrassment which I labor under arises from the fact that I am unable to give effect to the language of the will according to its natural import without doing violence to well-settled rules of construction." We fully agree with the views expressed by the learned trial judge as to the meaning and intention of the testator, but we differ with him in what he considers to be "well-settled rules of construction."

"But in case of the death of my sons Alfred and Charles E., or either of them, without issue living at the time of his decease, then the share of the one so dying without issue shall be divided equally between my grandchildren," etc. The pronoun "his" preceding the word decease must refer to the noun or nouns that precede it. In other words "his" refers to the nouns Alfred and Charles, and the meaning is the same as if the words Alfred and Charles were substituted in place of the pronoun. This is the fair grammatical construction of the sentence. It is contended, however, that under the authorities the pronoun his refers to the testator, and that the time mentioned is that of the testator's death instead of that of the sons, or either of them. Our reading of the cases does not sustain this construction. It is unquestionably a well-settled rule of construction that where there is a devise to one person absolutely, and in case of his death to another, the words of contingency refer to a death in the lifetime of the testator. (*Clayton* v. *Lowe,* 5 Barn. & Ald. 636; *Doe* v. *Sparrow,* 13 East, 359; *Woodburne* v. *Woodburne,* 23 L. J. Ch. 336; *Gee* v. *Mayor, etc.,* 17 Adol. & Ell. [N. S.] 737; *Livingston* v. *Greene,* 52 N. Y. 118; *Embury* v. *Sheldon,* 68 id. 227; *Quackenbos* v. *Kingsland,* 102 id. 128.)

But this rule has no application when the first devisee takes a life estate, and it is equally well settled that where there are words in the context indicating an intention on the part of the testator that the death of the devisee refers to some other time than that of the

testator's death effect must be given to such intention. (*Buel* v. *Southwick*, 70 N. Y. 581; *Nellis* v. *Nellis*, 99 id. 505; *Vanderzee* v. *Slingerland*, 103 id. 47; *In the Matter of N. Y., L. & W. R. Co.*, 105 id. 89; *Fowler* v. *Ingersoll*, 127 id. 472; *Mead* v. *Maben*, 14 N. Y. Supp 732. See dissenting opinion of LEARNED, P. J., page 737, S. C. reversed, 131 N. Y. 255, in which the dissenting opinion in the court below was approved. *Nelson* v. *Russell*, 135 N. Y. 137; *In the Matter of the Judicial Settlement of the Accounts of Denton*, 51 N. Y. St. Repr. 60; *Washbon* v. *Cope*, 22 N. Y. Supp. 241; *Mullarky* v. *Sullivan*, 49 N. Y. St. Repr. 333–335.)

In *Mullarky* v. *Sullivan* (*supra*), O'BRIEN, J., in speaking of the death within the lifetime of the testator, says: "It is only in the case of an absolute devise or bequest to one and in case of his death to another, that the words are given such a meaning, and the rule has no application to a case where the first devisee or legatee takes a life estate."

In *Fowler* v. *Ingersoll* (*supra*), BROWN, J., says: "The words of contingency are substitutionary merely and are intended to prevent a lapse in case the first devisee is not living at the death of the testator, and do not create an executory devise or remainder over upon the death at any time of the first taker. But this rule has no application when the first devisee or legatee takes a life estate, and is applied only when the prior gift is absolute and unrestricted. The reason assigned for the rule is that as death is the certain event and time only is contingent, the words of contingency can only be satisfied by referring them to a death before some particular period, and none being mentioned the time referred to must be presumed to be the testator's own death. But this reason fails in the case of a life estate, as in such case the presumption would be that the words of contingency referred to the event which would determine the life estate."

As we have seen the will devised and bequeathed to the wife Eliza, the use of all of the testator's property for and during the term of her natural life. A life estate was thus created. It was the remainder only that was devised to the children; thus bringing the case within the rule stated in the case above referred to.

Again, the will under consideration contains the phrase: "At the

time of his decease," which, used in the connection in which it appears, indicates that the time referred to and intended by the testator was that of the death of his sons Alfred and Charles, or either of them. A careful examination of the authorities fails to show a case in which the testator has so clearly expressed his intention, where it has not been recognized and carried out.

The decision of this court in the case of *Matter of Tallmage, Executor*, etc. (partially reported in 20 New York Weekly Digest, 69) is not in conflict with the views herein expressed. In that case the testator had given an estate to his daughters, Elsie and Jane. He then provided that " In case of the decease of both of my said daughters Elsie and Jane and without any children of theirs then surviving, then and in such case I give and bequeath their said shares of said property aforesaid to my sister Jane M. Tallmage, but in case of the decease of either of my said daughters and without children, then and in such case the survivor of either of them shall have and hold and be the owner of the whole of my said property." Here was a provision that in the case of the death of either daughter the survivor should take absolutely the whole estate. The sister, Jane M. Tallmadge, could not take unless the death of the daughters should occur simultaneously or unless the death of the daughters referred to a time preceding that of the testator. It was under these circumstances that we held that the death of the daughters mentioned in the will referred to a time preceding the death of the testator.

Upon the trial the plaintiff stated in open court that he did not desire a partition of the property unless he obtained a construction of the testator's will in conformity with the allegations and prayer of his complaint. Our views are adverse to his contention.

The judgment should, therefore, be reversed and the plaintiff's complaint dismissed, with costs.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Interlocutory judgment appealed from reversed, and the plaintiff's complaint dismissed, with costs.

---

NOTE. The rest of the cases of this term will be found in the next volume (70) Hun — [REP.