## In re Will of George Tritch.

*County Court of Arapahoe County, In Probate.   April 13, 1900.*

Lindsey & Parks and Patterson, Richardson & Hawkins for contestant, Emma T. Snyder; Benedict & Phelps for proponents; Charles J. Hughes, Jr., for Eliza J. Tritch, widow of deceased.

STEELE, J.

On March 30, 1894, George Tritch, deceased, duly executed the instrument proposed for probate as his will. He died October 8, 1899. The instrument was presented for probate October 16, 1899. November 9, 1899, Eliza J. Tritch, the widow of deceased, renounced in writing the provisions made for her in the will, and elected to take her share of the estate of the deceased under the statute. [2 Mills Ann. St. §§ 3011, 4802.] Emma J. Snyder, a daughter of deceased, contested the probate of the will upon the grounds:

1. That it contravenes public policy because it offends the rule against perpetuities.

2. That the testator was unduly influenced to make the will and that he had not testamentary capacity.

By stipulation of counsel it was agreed that no proof was to be taken in support of the second ground of contest until after decision of the court upon the first.

Item 11 of the will is as follows: "My accumulated estate, except as hereinafter disposed of, shall be distributed by my executors and trustees to the following persons and in the following proportions respectively, to wit: * * * provided that said distribution shall not be made until the 28th day of July, A. D. 1908; and if on that day a majority of the executors and trustees then living, or the survivors of them, shall be of the opinion that it would be to the interests of my estate then remaining undistributed, and shall so determine, then said distribution shall not be made until the 28th day of July, A. D. 1918; and if, on said last mentioned date, a majority of my executors and trustees then living, or of the survivors of them, shall be of the opinion that it would be for the best interests of my estate then remaining undistributed, and shall so determine, then said distribution shall not be made until the 28th day of July, A. D. 1926."

Counsel for the contestant insist that the election of Mrs. Tritch defeats the will; that by her taking one-half of the estate,

the objects and purposes of the trust are defeated; that there is no disposition of the residuary estate; that no disposition is made of the estate of those who die before final distribution, and for these reasons, if for no other, the will should be refused probate.

This contention of counsel cannot be sustained. While in many respects the trust is defeated by the election of Mrs. Tritch, the testator had such action in his mind and mentions it in one of the last clauses of the will.

The will in many respects appears to be capricious and reflects the eccentricities of the testator. A doubt might easily arise in one's mind as to the full mental vigor of a testator who would favor a daughter above his other children and in the same clause besmirch her son. These matters are not for the consideration of the court at this time, however, and this opinion will be based wholly upon the legal questions involved.

It is conceded that if item 11 of the will be not sustained then all the other bequests and devises must fail, because all are but part of the one general design of the testator to hold his estate for accumulation, and the bequests and directions are out of, and concerning, the accumulated estate. Such is the decision in a case decided by the Supreme Court of Illinois in October, 1899. Eldred v. Meek, 55 N. E. Rep. 536.

The rule against perpetuities in Colorado is as at common law, and "an estate by way of testamentary disposition may be limited to take effect after the termination of a preceding estate for life or lives of persons in being and twenty-one years and nine months thereafter." Chilcott v. Hart, 23 Colo., 40, 45 Pac. 391.

The rule restricting testamentary disposition is broader in Colorado than in many of the states, for whenever the legislature has acted upon the subject it has been more stringent than the common law. The rule is inviolate—is modern and not of ancient origin, and is for the protection of society. To the dying man, however vivid may be his vision of wealthy posterity proudly bearing his name, however he may desire to skip over the natural objects of his bounty and create an accumulating trust to lavish riches upon generations unborn, he is denied the right to restrain the alienation of his property for more than twenty-one years and nine months, unless measured by lives in being.

The proponents admit that if the will provides that the estate may not be distributed until 1926 it is void. They insist, however, that the intention of the testator was to create a trust for the term ending July 28, 1908, and that it is in the power of the court

to declare void the provision directing the trustees to hold the estate undistributed from 1908 or 1918 to 1926 to be void and to declare the other provisions valid.

It appears to be the law that where in a will a valid and an invalid trust are created and are wholly independent of each other, the valid trust may be sustained and the invalid one rejected, and that as held in Brown v. Richter, 27 N. Y. Sup. 1094, where two estates are created by will, while the remainder may be void because it violates the statute the preceding estates are not invalidated, where it appears the testator intended his children to enjoy the preceding estate independent of any other consideration. If the court could find here that it was Mr. Tritch's intention to create a trust until the 28th day of July in 1908 or 1918 independent of any other consideration he would feel justified in sustaining the will.

In the testator's mind there probably was a magic circle encompassing the 28th day of July in the years mentioned. He does not leave anything to the discretion of the trustees save that of deciding whether in their opinion it is for the interest of the estate to postpone a distribution; if once postponed it must be for ten years to a day, in the first instance; in the second, eight years to a day, not the day usually adopted for the closing of business in commercial life, but the 28th day of July. It must be presumed that Mr. Tritch had some reason for directing the distribution in this manner. He did not leave to his trustees the right to say when, after July 28, 1899, there should be a distribution; he uses in both paragraphs the mandatory "shall," and commands his estate to be not distributed until July 28, 1926, if his trustees believe it should not be distributed on the days he has designated, eight and eighteen years prior thereto respectively.

If the court should make a will for Mr. Tritch and should designate July 8, 1921 (twenty-one years and nine months from his death), as the day on which distribution of his estate should occur, is it at all likely that he would be doing what the testator intended? Would he not be violating his express wish and direction?

The court, it is thought, has no authority to change the time when there shall be distribution of this estate, nor can he make a will for Mr. Tritch. The document he has executed is the one to be considered. This will creates a trust for accumulation, and it is conceded that the rule against perpetuities applies to trusts

for accumulation, and no case is known which holds to the contrary.

The fact that a discretion is vested in trustees to determine the length of time an estate shall be held before distribution does not change the legal effect of the clause. In Fowler v. Ingersoll (N. Y. Court of Appeals), 28 N. E. 471, it is held that,

"A will suspending the power of alienation for more than two lives in being at the time of testator's death is not made valid by the fact that it gives a power of sale within that period, if permission to sell is first obtained from the court, since permission may not be given."

So in this case, while power is given to distribute the estate within the prescribed time, it may be the trustees would determine that it was for the best interest of the estate to postpone its distribution until July 28, 1926. If that can be done the will contravenes public policy, in that it creates a trust for accumulation for a period greater than twenty-one years and nine months, and is therefore void.

Probate of instrument refused.