ALMA B. LYONS et al., by WALLACE F. LYONS, their Guardian ad Litem, Respondents, *v.* CHARLES H. OSTRANDER, as Trustee under the Will of CLARA LOUISE LYONS, Appellant, Impleaded with Others.

WILL — EFFECT OF DEATH OF REMAINDERMAN BEFORE THAT OF LIFE BENEFICIARY. Where a will devises property to trustees to pay the income to the testator's adopted son during his life with remainder in fee to his wife and children, "share and share alike, the issue of such as may have died to take the share to which his, her or their parents would, if living, have been entitled," the remaindermen take vested remainders; and where one predeceases the life beneficiary, her share becomes divested and vests in her issue, and a trustee under her will does not take any interest in the property.

*Lyons* v. *Weeks*, 53 App. Div. 212, affirmed.

(Argued March 27, 1901; decided May 14, 1901.)

Appeal from an order of the Appellate Division of the
Supreme Court in the first judicial department, made July
17, 1900, which reversed a judgment in favor of defendants
entered upon a verdict and an order denying a motion for a
new trial and granted a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Flamen B. Candler* and *Robert W. Candler* for appellant.
By the 3d section of the will of Jacob Weeks, deceased,
Clarissa Lyons took a vested remainder in fee of one-quarter
of the property mentioned in that section of the will, which
interest was alienable, devisable and descendible, and which
was not subject to be divested in the event of her death prior
to that of Jacob Weeks Cornwell, the life beneficiary. (*Mitch-
ell* v. *Knapp*, 54 Hun, 500; *Matter of Mahan*, 98 N. Y.
372; *Van Camp* v. *Fowler*, 59 Hun, 311; *Livingston* v.
*Greene*, 52 N. Y. 118; *Byrnes* v. *Stilwell*, 103 N. Y. 453;
*Matter of Young*, 145 N. Y. 535; *Stokes* v. *Weston*, 142 N.
Y. 433; *Nelson* v. *Russell*, 135 N. Y. 137; *Matter of
Murphy*, 144 N. Y. 557; *Benson* v. *Corbin*, 145 N. Y. 351.)

*William H. Hamilton* and *William L. Kiefer* for respond-
ents. Any interest of Mrs. Lyons in an undivided one-fourth
was subject to be divested by her death in the lifetime of the
*cestui que trust* leaving issue. (*Stuart* v. *Brown*, 11 App.
Div. 492; *Hooker* v. *Hooker*, 41 App. Div. 235; *Clark* v.
*Cammann*, 160 N. Y. 315; *Britton* v. *Thornton*, 112 U. S.
526; *Vanderzee* v. *Slingerland*, 103 N. Y. 53; *Matter of N.
Y., L. & W. Ry. Co.*, 105 N. Y. 89; Underhill on Wills, 458,
463; *Benson* v. *Corbin*, 145 N. Y. 351; *Mead* v. *Maben*, 131
N. Y. 255; *Chapman* v. *Moulton*, 8 App. Div. 64; *Matter
of Denton*, 137 N. Y. 428.)

Werner, J. The action is in ejectment. The plaintiffs
claim an interest in the premises described in the complaint
under the will of Jacob Weeks, deceased. The defendant

Ostrander claims the same interest as trustee under the will of Clara Louise (or Clarissa) Lyons, the mother of the plaintiffs. The issue of the controversy depends upon the construction of the third clause of said Jacob Weeks' will which gave to the executors therein named the premises described in the complaint "Upon trust to collect the rents, profits and income thereof during the life of my adopted son, Jacob Weeks Cornwell, son of John T. and Ann Cornwell, and after expending therefrom such amounts as they deem necessary to keep the said premises in good order and repair and properly insured against loss and damage by fire, to pay the remainder of such rents as and when collected to my said adopted son, Jacob Weeks Cornwell, during his life." A separate part of said clause continues as follows: "Upon his death I give, devise and bequeath the said lots of land and buildings to Virginia Cornwell, wife of said Jacob Weeks Cornwell, Ida Van Cott, Clarissa Lyon and Millard Fillmore Cornwell, children of said Jacob Weeks Cornwell, share and share alike, the issue of such as may have died to take the share to which his, her or their parents would, if living, have been entitled." At the trial judgment was directed in favor of the defendants upon the ground that under said third clause Clarissa Lyon took an absolute vested remainder, which subsequently passed under her will to the defendant Ostrander, the trustee named therein. This judgment was reversed in the Appellate Division, the majority of that court differing somewhat in the expression of their reasons for the decision, but all united in holding that the plaintiffs are entitled to the interest in said lands which the trial court awarded to the defendant Ostrander as such trustee. We concur in the result reached in the Appellate Division, and will content ourselves with simply stating the specific grounds upon which we place our decision. We think this may properly be done without referring to any of the other provisions of the voluminous will of which this third clause is a part, since the latter, both by its language and expressed objects, is entirely independent of such other provisions. A brief reference to the relation of the testator to

the persons mentioned in said third clause will suffice to point out the application of the rules of construction which we think must govern this case. Jacob Weeks, the testator, was childless. Jacob Weeks Cornwell, the life beneficiary named in said third clause, was called his adopted son. The remaindermen therein referred to were the wife and children respectively of said life beneficiary. " Upon his death " said remaindermen are to take the premises described " share and share alike, *the issue of such as may have died to take the share to which his, her or their parent would, if living, have been entitled.*" The learned trial court based its decision upon the general and well-settled rule that when there is a devise or bequest to one person and in case of his death to another the words of substitution refer to a death in the lifetime of the testator. Many decisions are cited which exemplify this rule. There is, however, a qualification, or, more properly speaking, an addition to this rule which is equally well established, and this seems to have been overlooked by the learned trial justice. It has been announced in various forms by legal and judicial writers. It is concisely stated by Jarman (vol. 2, p. 696, 6th ed.) as follows : A bequest to A for life, and after his decease to B or his children, is held to create a substitutional gift in favor of the children of B in the event of B dying in the lifetime of A. The cases cited by the learned author are *Burrell* v. *Baskerfield* (11 Beavan, 525) where the testator professed to give legacies to each of twelve first cousins *nominatim,* but enumerated eleven only, stating that the other was dead, and directing his legacy to be paid to his children. He afterwards directed that upon the decease of his wife the whole remainder of his property was " to be divided, share and share alike, to his aforesaid twelve first cousins and their children." It was held that the first cousins took vested interests at the death of the testator, subject to be divested on their deaths in the widow's life, in which event their children took by substitution. In *Girdlestone* v. *Doe* (2 Simons' Chan. Rep. 226) there was a bequest of £40 per annum to A for life, and

after her decease to B or his heirs. It was held that "or" must be construed disjunctively, and, therefore, B did not take an absolute interest in the annuity. In *Salisbury* v. *Petty* (3 Hare's Repts. 87) there was a devise of real estate to A for life, subject to the payment of £2,000 apiece to B, C and D, or their respective lawful issue, twelve months after the death of the testator, and devise of the same estate, in remainder, on the death of A to his children as he should appoint, charged with a further sum of £3,000 apiece to B, C and D, or to their respective lawful issue. B, C and D survived the testator. B died without issue in the lifetime of A. C and D died in the lifetime of A leaving issue. It was held that the legacies to B, C and D vested in the legatees, subject to be divested in favor of their children, in case of their death leaving children, and, therefore, that B took the legacies of £2,000 each, absolutely, and the children of C and D took the legacies of £3,000 by substitution for their parents. In *Hervey* v. *M'Laughlin* (1 Price [English Excheq. Rep.], 264) there was a bequest of personal property to A for life, remainder to her three children in equal shares, and in case of the death of either or any of them, the share of such so dying to go to their children. This was held to be a vested interest subject to be divested if either of the legatees in remainder died during the life of the particular tenant, and that in such event his share became the property of his children and not of his personal representatives. In *Price* v. *Lockley* (6 Beavan, 180) there was a bequest to A for life, and after her decease to the testator's four children, the survivor or survivors of them equally, or to their heirs lawfully begotten. One of the four children died in the life of A. Held, that his children took one-fourth by way of substitution.

Underhill in his work on Wills (Sec. 346) adverts to the rule and the reason upon which it is based in the following language, " the death without issue of a beneficiary, to whom an immediate and absolute interest in fee is given, is in many cases construed to refer to his death during the lifetime of

the testator, for the reason that the court must either so construe it or must construe it as referring to death at any time, *i. e.*, death indefinitely. But where the disposition of the property which is devised over 'in case of death,' with a contingency as 'in case of death without issue,' is preceded by a prior estate for life or years, which is to begin in possession at the death of the testator, another explanation of the words 'in case of death' is possible, and they may relate to another period ; that is to say, to the period of the postponement of the possession. In the former case but two alternatives are possible. In the latter case three periods — the lifetime of the testator, the life of the prior devisee, and the period thereafter — are open to selection." This court is committed to the doctrine above enunciated. In *Mullarky* v. *Sullivan* (136 N. Y. 227) it was held that the rule that words of survivorship in a will refer to the time of the testator's death applies only to an absolute gift to one, and in case of his death to another, and that it has no application in a case where the first devisee or legatee takes a life estate. In *Fowler* v. *Ingersoll* (127 N. Y. 472) this court, referring to the rule that words of substitution usually relate to the death of the testator, said : " But the reason of the rule fails in the case of a life estate as in such case the presumption would be that the words of contingency referred to the event which would determine the life estate." In *Matter of Denton* (137 N. Y. 433) the same rule is discussed as follows: " But this rule has only a limited operation and cannot be extended to a case where a point of time is mentioned other than the death of the testator, to which the contingency can be referred, or to a case where a life estate intervenes, or where the context of the will evinces a contrary intent." To the same effect is *Matter of Baer* (147 N. Y. 348). It is suggested by the learned counsel for the appellant that Jacob Weeks Cornwell did not have a life estate, but was simply the beneficiary under a trust which was to continue during his life. This does not affect the principle involved. It is enough that the estate which intervened between that of the

testator and that of the remaindermen named in said third clause was less than an absolute fee. But quite apart from the current of authority we think that the language of this clause amply justifies the application of the rule we are discussing. This is not the case of a devise in trust to A for life with remainder to B, or in case of his death without issue then to some one else. We have here a bequest to specified persons, "the issue of such as may have died to take the share to which his, her or their parent would, if living, have been entitled." The context itself clearly indicates that the preceding words, "upon his death," refer, not to the death of the testator, but to the death of the life beneficiary. What has been said might be supplemented with a discussion of the "surrounding circumstances" which are very forcibly referred to by Mr. Justice INGRAHAM as an index to the testator's intent, but we prefer to rest our decision upon the plain language of the will in the light of the authorities referred to. To reduce this discussion to its concrete application we now need to refer to a few additional facts. The testator died September 9th, 1881. Jacob Weeks Cornwell, the life beneficiary, died November 6th, 1898. His wife, Virginia, died in June, 1890, and his daughter, Clara Louise (or Clarissa) Lyons, died October 17th, 1892. Thus by the terms of this third clause Clara Louise Lyons took a vested remainder which became divested by her pre-decease of the life beneficiary and vested in the plaintiffs who are her issue. The defendant Ostrander, as trustee under the will of Clara Louise Lyons, did not take any interest in the property. It, therefore, follows that the plaintiffs are entitled to recover.

The order of the Appellate Division must be affirmed and judgment absolute ordered for the plaintiffs upon defendant's stipulation, with costs.

PARKER, Ch. J., GRAY, HAIGHT, LANDON and CULLEN, JJ., concur; O'BRIEN, J., not voting.

Ordered accordingly.