not been the subject of direct examination, and he answered: "I don't think that would give a fair statement of any conversation I might have had with him. I don't recollect what the conversation was. I do not recollect that I had any conversation with Captain Rheinhardt, and I am not prepared to say that I did not give the conversation that you describe." Assume that Mr. Vernam was the defendant's own witness, and yet the answers of Vernam did not preclude the defendant from calling Mr. Rheinhardt. Indeed, Mr. Vernam did not deny that he had the conversation, so there really was not a contradiction. Impeachment of one's own witness is prohibited. (1) to impeachment of general character; (2) proof of prior contradictory statements by him; and (3) contradiction, where the only effect is to impeach and not to give material evidence upon any issue of the case. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515. For the same reasons it was error to exclude the question put to Rheinhardt as to what Vernam said with reference to the placing of the Cronin house upon the property.

As I cannot conclude that if the learned court had admitted the testimony it would not have heeded the request of the defendant for a submission to the jury, I think that there should be a new trial.

Judgment reversed, and new trial granted, costs to abide event. All concur.

———————

## In re GORDON'S WILL.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. WILLS—LIFE ESTATE—CONTINGENT REMAINDER—CONSTRUCTION.

Where a will gives testatrix's husband property for life, and to his issue after him, with remainder over to testatrix's brother in case of his "dying without issue," the contingency referred to is not the death of the husband during the life of testatrix, but the surviving husband takes a life estate, with the entire estate to his issue if he has any; if not, to the brother of testatrix.

Appeal from Surrogate's Court, Richmond County.

In the matter of the last will of Anna M. Gordon, deceased. From a decree of the surrogate construing the will, Thomas H. Gordon appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

M. Edward Kelley, for appellant.
Sidney F. Rawson, for respondents James Feeny and others.

WOODWARD, J. This appeal calls in question the correctness of the construction put by the learned surrogate of Richmond county upon the last will and testament of Anna M. Gordon, deceased, upon an application for the probate of that instrument. The will, omitting the formal portions, reads as follows:

"First. After my lawful debts are paid, I give, devise and bequeath to my dearly beloved husband, Thomas H. Gordon, all the estate both real and personal of which I may die seized, to have, hold and enjoy during his lifetime and to his issue after him.

"Second. Should my said husband die without issue it is my will that my tapestries be divided among my nephews and nieces as they shall elect, and that all the residue of said estate shall go to my brother James.

"I hereby appoint James Feeny to be executor of this my last Will and Testament."

The learned surrogate held that the death of the husband without issue, mentioned in the second paragraph of the will, referred to his death within the lifetime of the testatrix, and that the gift of the estate of the testatrix to James Feeny (except the tapestries) was an absolute gift, subject only to the life estate of Thomas H. Gordon, the husband. This view of the effect of the instrument was manifestly based upon the rule that, where there is a devise or bequest to one person, and in case of his death to another, the contingency referred to is a death in the lifetime of the testator. Matter of N. Y., L. & W. R. Co., 105 N. Y. 89, 11 N. E. 492, 59 Am. Rep. 478. It is well settled, however, that this rule has no application when the first devisee or legatee takes a life estate. It is only applicable when the prior gift is absolute and unrestricted. Fowler v. Ingersoll, 127 N. Y. 472, 478, 28 N. E. 471; Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334. Under the exception to the first-mentioned rule, established by the cases cited, a correct construction of the will under consideration gives the surviving husband, Thomas H. Gordon, a life interest in the entire estate of the testatrix. If he has issue, such issue will, upon his death, take the entire estate. If he has no issue, then upon his death the estate, with the exception of the tapestries, will go absolutely to James Feeny, the brother of the testatrix. Under the authorities, such seems to us the clear effect of the provisions of the will, and the decree of the Surrogate's Court should be modified in accordance with these views.

Decree of the Surrogate's Court of Richmond county modified, with costs, in accordance with opinion of WOODWARD, J. All concur.

---

### LIEDERMAN v. ROVNER.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. FORECLOSURE OF LIEN ON PERSONAL PROPERTY—EXECUTION AGAINST DEFENDANT'S PERSON.

Municipal Court Act, § 140 (Laws 1902, p. 1486, c. 580), provides that a warrant of arrest may issue in an action to foreclose a lien on personal property, providing the defendant has willfully and maliciously disposed of or concealed the property. Section 20 makes the provisions of the Code of Civil Procedure applicable to the Municipal Court so far as they are not in conflict with the Municipal Court act. Code Civ. Proc. § 1487, provides that a judgment may be enforced by execution against the person of the judgment debtor where plaintiff's right to arrest defendant depends on the nature of the action, and in any other case where an order of arrest has been granted and executed in the action. Held, that in an action to foreclose a lien on personal property, plaintiff was not entitled to an execution against the person of defendant, no order of arrest having been issued.