In the Matter of Proving the Last Will and Testament of ANNA M. GORDON, Deceased.

THOMAS H. GORDON, Appellant; JAMES FEENY and Others, Respondents.

*Will — gift of a life estate to the decedent's husband and the remainder to his issue, if he die without issue to others — the latter clause is not limited to a death during the life of the testatrix.*

The will of a decedent provided: "*First.* After my lawful debts are paid, I give, devise and bequeath to my dearly beloved husband, Thomas H. Gordon, all the estate both real and personal of which I may die seized, to have, hold and enjoy during his lifetime and to his issue after him.

"*Second.* Should my said husband die without issue it is my will that my tapestries be divided among my nephews and nieces as thay shall elect, and that all the residue of said estate shall go to my brother James."

*Held,* that the decedent's husband took a life interest in the entire estate of the decedent;

That, if he died leaving issue, such issue would, upon his death, take the entire estate, but that, if he died without issue, the decedent's estate, with the exception of the tapestries, would go absolutely to the decedent's brother.

APPEAL by Thomas H. Gordon from portions of a decree of the Surrogate's Court of Richmond county, entered in said Surrogate's Court on the 11th day of June, 1902, construing the last will and testament of Anna M. Gordon, deceased.

*M. Edward Kelley,* for the appellant.

*Sidney F. Rawson,* for the respondents James Feeny and others.

WOODWARD, J.:

This appeal calls in question the correctness of the construction put by the learned surrogate of Richmond county upon the last will and testament of Anna M. Gordon, deceased, upon an application for the probate of that instrument. The will, omitting the formal portions, reads as follows:

"*First.* After my lawful debts are paid, I give, devise and bequeath to my dearly beloved husband, Thomas H. Gordon, all the estate both real and personal of which I may die seized, to have, hold and enjoy during his lifetime and to his issue after him.

"*Second*. Should my said husband die without issue it is my will that my tapestries be divided among my nephews and nieces as they shall elect, and that all the residue of said estate shall go to my brother James.

"I hereby appoint James Feeny to be executor of this my last Will and Testament."

The learned surrogate held that the death of the husband without issue, mentioned in the 2d paragraph of the will, referred to his death within the lifetime of the testatrix, and that the gift of the estate of the testatrix to James Feeny (except the tapestries) was an absolute gift subject only to the life estate of Thomas H. Gordon, the husband.

This view of the effect of the instrument was manifestly based upon the rule that where there is a devise or bequest to one person and in case of his death to another, the contingency referred to is a death in the lifetime of the testator. (*Matter of New York, L. & W. R. Co.*, 105 N. Y. 89.)

It is well settled, however, that this rule has no application when the first devisee or legatee takes a life estate. It is only applicable when the prior gift is absolute and unrestricted. (*Fowler* v. *Ingersoll*, 127 N. Y. 472, 478; *Matter of Baer*, 147 id. 348; *Lyons* v. *Ostrander*, 167 id. 135.)

Under the exception to the first mentioned rule, established by the cases cited, a correct construction of the will under consideration gives the surviving husband, Thomas H. Gordon, a life interest in the entire estate of the testatrix. If he has issue, such issue will, upon his death, take the entire estate. If he has no issue, then, upon his death, the estate, with the exception of the tapestries, will go absolutely to James Feeny, the brother of the testatrix.

Under the authorities, such seems to us the clear effect of the provisions of the will, and the decree of the Surrogate's Court should be modified in accordance with these views.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Decree of the Surrogate's Court of Richmond county modified, with costs, in accordance with opinion of WOODWARD, J.