DAVID SMITH, an Infant, by WILLIAM D. TUCKER, His Guardian ad Litem, Respondent, *v.* HATTIE C. SMITH, Individually and as Trustee under the Last Will and Testament of FREEMAN A. SMITH, Deceased, and Others, Appellants.

Second Department, December 29, 1917.

Will construed — law of State of New Jersey — when grandson of testator takes interest which will support action for waste against life tenant — form and amount of bond — costs.

A will placed the residuary estate in trust with the direction that one-third of the income be paid to the widow and the residue in equal portions to the testator's children with power in the widow, while living, to receive and apply the share of a minor child to his maintenance and education. It was provided that in case of the widow's death before the division of the property the entire net income was to be paid in equal portions to the children for support and education until the youngest reached majority, at which time the residuary estate was to be divided into three

parts, one transferred to the widow in trust for herself and children for life, the remaining two-thirds to be transferred to the children equally, the issue of any deceased child to take the parent's share *per stirpes.* It was then provided that in case the widow died before the time for division, the trustee should then divide the whole estate equally among the children, the issue of deceased children to take their parent's share *per stirpes.* It was further provided that if the widow survived the first division, upon her subsequent death, the part of the residue estate held in trust for her should go to the children equally, the issue of a deceased child to take *per stirpes.*

*Held,* that under the law of the State of New Jersey by which the will is governed, a grandchild of the testator, whose father died after the first division of the estate, had such an interest therein as entitles him to maintain an action for waste against the widow who is still surviving, and this irrespective of whether his interest is indefeasible or not.

In such action for waste the trustee should not be required to give a bond to secure the payment of a fixed sum to the plaintiff, nor should it be found that a fixed sum will be due; the bond should secure the plaintiff against loss for such sums as the widow has wasted or may hereafter waste.

The costs of the action should not be paid out of the estate by sale of assets or otherwise, but should be charged to the defendants personally.

APPEAL by the defendants, Hattie C. Smith, individually and as trustee, and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of July, 1917, upon the decision of the court after a trial at the Kings County Special Term, and also from an interlocutory judgment entered in said clerk's office on the 20th day of June, 1917, and also from an order entered in said clerk's office on the 13th day of July, 1917.

*Frank W. Holmes,* for the appellant·Hattie C. Smith.

*Orville C. Sanborn,* for the respondent.

THOMAS, J.:

The question is whether plaintiff may maintain an action against his grandmother, Hattie C. Smith, life tenant and trustee, under the will of Freeman A. Smith to prevent waste of the estate. The testator left Hattie C. Smith, his widow, and three children, Freeman A. Smith, Grace A. Love, defendants, and David Smith, plaintiff's father. The will

gave the remainder of the estate in trust to the executor
to pay one-third of the net income to the widow and the
residue in equal proportions to his children, with direction
that the widow should receive the share of a child under the
age of twenty-one years to be applied to maintenance and
education, or in case of the widow's death before division,
to pay the entire net income in equal proportions to the
children for their support and education " until the youngest
surviving of them shall have attained " the age of twenty-
one years. " When my youngest child who shall survive to
the age of twenty-one years, shall have reached " that age,
the executors and trustees shall divide the residuary estate
into three equal parts, " one of which parts they shall there-
upon transfer * * * to my said wife Hattie C. Smith in
trust for her and my children," with the beneficial interest
in the net income thereof in the widow for her life, and the
remaining two-thirds " they shall upon such division, transfer,
* * * to my children share and share alike, to have and
to hold to them, their heirs and assigns forever the issue
of a deceased child to take the parent's share, *per stirpes*
and not *per capita*." But in case the wife should die " at or
before the time for the division," the executors and trustees
shall then at the time fixed for such division, divide all such
estate " among and convey the same to my children, share
and share alike, to have and to hold the same to them, their
heirs and assigns forever, the issue of a deceased child to take
the parent's share *per stirpes* and not *per capita*." Such was
subdivision 5 of paragraph 3. The 6th subdivision pro-
vides for the final disposition of the one-third share in
case the widow survives the first division, and is: "Upon
the death of my said wife, after such division of my residuary
estate, I give and devise the one-third part of my said residuary
estate, so set apart and held in trust by and for her as afore-
said to my children, share and share alike, to have and to
hold the same to them, their heirs and assigns forever, the
issue of a deceased child to take the parent's share *per stirpes*
and not *per capita*." The scheme of the will is to give to
the widow one-third of the net income of the estate during
her life, and to pay or to apply the rest of the net income
to the children with a power in the mother living to receive

and to apply the share of a minor. When the youngest child surviving to the age of twenty-one years should reach that age, the whole estate should be divided if the widow were not living; if she were living, one-third of the estate should be kept and divided at her death. In case of the death of the widow before the first division, there were no words of present gift; in case of her death after such division, there are such words. The widow and plaintiff's father lived to the time of the first division, when two-thirds of the estate were divided among the children and one-third retained by the wife. The widow is still living, but the plaintiff's father has died. Did plaintiff's father, David Smith, take an indefeasible vested estate in the one-third set apart upon the first division? If so, the plaintiff has no interest and cannot maintain the action on the present record. If plaintiff has any interest it is because upon the wife's death the gift and devise of the third part is to children " share and share alike, * * * the issue of a deceased child to take the parent's share." The question is to be determined by the laws of the State of New Jersey, and the task is to fit the law of that State to the will. In *Security Trust Co.* v. *Lovett* (78 N. J. Eq. 445) the will gave the estate to the wife for life, with a direction that after her death the proceeds from the sale of the real estate should be divided " between my children," naming them, share and share alike, one-twelfth share among named children of a deceased daughter, and provided: " should either of my above named children die leaving issue, it is my will that the portion herein devised or bequeathed to such child or children shall be equally divided between their issue." There was a gift to named persons and not to a class, and there was more propriety in referring the substitutionary clause to death before that of the ancestor, but the vice-chancellor wrote: ". This provision, relating to the contingency of the death of the children, will, by the accepted rules of construction in such cases, be understood to refer to the death of the children prior to the period of distribution — that is, prior to the termination of the life estate by the decease of the widow. *Brown* v. *Lippincott,* 49 N. J. Eq. (4 Dick.) 44; *Fischer* v. *Fischer,* 75 N. J. Eq. (5 Buch.) 74." It may be said that there was no present gift as in the present

Second Department, December, 1917.        [Vol. 181.

6th subdivision, but a direction to divide as in the 5th sub-division of such will.  In *Miller* v. *Worrall* (59 N. J. Eq. 134) there was a direction to divide upon the death of the wife " between my children, share and share alike, to whom I do hereby give, devise and bequeath the same, their heirs and assigns forever, the children of any deceased child to have the share of his, her or their parent."  A child died before the life tenant without leaving issue, and although the con-troversy was between her executors and the surviving children, it was said that " By the express provisions of the will, if a child dies before the period of distribution and leaves chil-dren, those children take, by substitution, for the parent.  In this event, and in this event only, is the right of the child curtailed."  In *Dilts* v. *Clayhaunce* (70 N. J. Eq. 10) the testator gave the residue of his estate to his wife for life, and at her death to his stepson, Ege, and provided that in case Ege should die " without lawful issue, that my property * * * be equally divided between my brothers and sisters, and in the case of the decease of either or any of them their several portions shall descend to their children."  The court decided that Ege took a vested estate in fee simple, subject to the contingency of his death without lawful issue.  The chancellor wrote:  " Giving to every word of the clause in question its full force, it may be thus paraphrased, viz.:  Upon the happening of the contingency I have prescribed, my prop-erty, of all kinds, shall go to my brothers and sisters equally, and if any have died leaving children, their share shall go to their children; but if any have died leaving no children, their share shall go to their heirs-at-law or next of kin, according to the nature of the property."  It is urged by plaintiff that *Lyons* v. *Ostrander* (167 N. Y. 135) and *Marsh* v. *Consumers Park Brewing Co.* (220 id. 205) are to the same effect.  The learned counsel for appellant relies upon the cases in this State and in the State of New Jersey, but decisions in the latter State cited by him do not have the present substitu-tional clause.  *Fischer* v. *Fischer* (75 N. J. Eq. 74) seems to support the plaintiff, as does *Brown* v. *Lippincott* (49 id. 44).  It is concluded that the plaintiff has an interest in the fund.  It is not necessary to decide whether it is an indefeasible interest.  It is sufficient to enable him to maintain this action.

But the trustee should not be required to give a bond to secure payment to the plaintiff of a fixed sum, nor should it be found that a fixed sum will be due him. The bond should be in the sum of $26,292.85 to secure the plaintiff against loss for such sums as Hattie C. Smith has wasted, as herein found, or may hereafter waste. The 5th conclusion of law should be amended by omitting the words " and is entitled, upon the death of Hattie C. Smith, to receive one-third of said trust fund unimpaired," substituting, " and is presumptively entitled to share in one-third of said trust fund." The costs and allowances should not be paid out of the estate by sale of assets or otherwise, but judgment therefor should proceed against the defendants personally.

The interlocutory judgment, final judgment and order, amended pursuant to this opinion, should be affirmed, with costs of the appeal to the plaintiff.

JENKS, P. J., STAPLETON, RICH and BLACKMAR, JJ., concurred.

Interlocutory judgment, final judgment and order, as amended pursuant to opinion affirmed, with costs of the appeal to the plaintiff.