In the Matter of the Accounting of Frederick H. Osborn, as Successor Trustee under the Will of Grace Bigelow, Deceased, Respondent. Evelyn C. Emmet et al., Appellants; Rhode Island Hospital Trust Company, as Executor of Evelyn B. Clark, Deceased, et al., Respondents.— Proceeding by the successor trustee of a trust, created by the will of the decedent herein, for the judicial settlement of his account and for a construction of item 5 of article Twelfth of the will, by which the trust was created, to determine who is entitled to one half of the corpus of the trust which had terminated by the death of the life beneficiary thereof. By said provision the testatrix directed the trustees to pay the income of said trust to her brother for life, and upon his death to "pay over" the principal thereof, in equal shares, to his two named daughters, and that if either of the daughters shall have died leaving lawful issue, "such issue" should take the parent's share per stirpes and not per capita. One of the daughters, Evelyn Bigelow Clark, survived the testatrix but predeceased the life beneficiary, leaving two sons and a daughter. Prior to the death of the life beneficiary one of the sons died. The Surrogate determined that, on the death of the testatrix, the share of Evelyn Bigelow Clark vested in her and passed to her estate on the death of the life beneficiary. Her daughter, and the executor of the estate of her deceased son, appeal from that part of the decree as so construes said provision of the will and directs distribution accordingly. Decree of the Surrogate's Court, Orange County, reversed on the law, with costs to all parties filing briefs, payable out of the estate, and matter remitted to the Surrogate's Court for the settlement of a decree in accordance with the determination herein. The findings of fact are affirmed. Although the share of Evelyn Bigelow Clark became vested in her upon the death of the testatrix (*Matter of Montgomery,* 258 App. Div. 64, affd. 282 N. Y. 713), it was divested upon her death prior to the life beneficiary and then vested in her issue who survived her (*Lyons* v. *Ostrander,* 167 N. Y. 135), the enjoyment thereof being postponed until the termination of the life estate. Moreover, regardless of whether the share of Evelyn Bigelow Clark was vested or contingent, such disposition of her share is required because, by the direction that her issue should take per stirpes and not per capita, the will provided definite persons who were to take if she, the primary remainderman, predeceased the life tenant. (*Matter of Bostwick,* 236 N. Y. 242.) MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.